*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0303P (6th Cir.)
File Name: 02a0303p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,
  *Plaintiff-Appellant,*

  *v.*      No. 01-3166

CECIL LAMAR COOPER,
   *Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 98-00032—John D. Holschuh, District Judge.

Argued: August 8, 2002

Decided and Filed: September 6, 2002

Before: KENNEDY, SUHRHEINRICH, and
BATCHELDER, Circuit Judges.

———————

## COUNSEL

**ARGUED:** Kevin W. Kelley, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellant. Michael T. Gunner, Hilliard, Ohio, for Appellee. **ON BRIEF:** Kevin W. Kelley, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellant. Michael T. Gunner, Hilliard, Ohio, for Appellee.

———————————

**OPINION**

———————————

KENNEDY, Circuit Judge. Defendant Cecil Cooper was convicted at trial of three separate counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The government sought application of 18 U.S.C. § 924(e), which provides a mandatory minimum sentence of 15 years for any defendant convicted under 18 U.S.C. § 922(g) and who has three previous convictions for "violent felon[ies]." As support, the government referred to four prior felony convictions: a 1972 breaking and entering conviction, a 1974 breaking and entering conviction, a 1978 attempted aggravated burglary conviction, and a 1978 burglary conviction. Each of these four convictions were for violations of Ohio law. The district court refused to apply § 924(e), finding that the government had failed to meet its burden of showing that the convictions were for "violent felonies," as that term has been interpreted by the Supreme Court. On appeal, a panel of this court vacated and remanded the case for resentencing, concluding that there remained unresolved factual issues, and that the parties should be given the opportunity to demonstrate whether or not the § 924(e) enhancement should apply. On remand, the district court again refused to apply § 924(e), finding that the government had shown only two of the four convictions to be "violent felonies." The government appeals. For the reasons set forth below, we reverse and remand for resentencing.

I.

On the earlier appeal, the Sixth Circuit panel vacated and remanded for resentencing, instructing the district judge to resolve remaining factual issues and determine whether § 924(e) applies. After the case was remanded, the government introduced the indictments for Cooper's previous convictions, in an attempt to show that the crimes met the definition of "violent felonies." The district court, in a 41-page Memorandum and Order, again found that the

sentencing categories passed over." *Id.* The reasoning of *Schultz* applies equally to downward departures. If the district judge departs because Cooper's criminal history score is overstated, he must move stepwise down the ladder, explaining why each intervening level is inappropriate, in order to provide an opportunity for meaningful review of his exercise of discretion.

### III.

For the foregoing reasons, we vacate the sentence entered by the district court and remand for resentencing pursuant to this opinion.

government had not met its burden of showing that Cooper had been convicted of three previous violent felonies, and refused to apply § 924(e). The reasoning of the district court with respect to each of the prior convictions is set forth fully at pages 13 to 37 of the court's December 12, 2000 Memorandum and Order. The district court also departed downward two levels from Criminal History Category VI to IV, finding that Cooper's prior criminal history over-represented his likelihood to engage in further criminal activity due to the age of the prior convictions.

### II.

The government's appeal presents two issues: 1) whether the district court properly refused to apply the sentencing enhancement of 18 U.S.C. § 924(e), and 2) whether the district court abused its discretion in departing two criminal history category levels in calculating Cooper's sentence.

#### A.  Application of 18 U.S.C. § 924(e)

We review the district court's findings of fact underlying the application of a sentencing provision for clear error, but we review the court's application of the provision to those facts de novo. *United States v. Garner*, 940 F.2d 172, 174 (6th Cir. 1991).

The sentencing provision at issue in this appeal is 18 U.S.C. § 924(e), and its counterpart in the U.S. Sentencing Guidelines, § 4B1.4. Section 924(e) provides:

(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (2000). "Violent felony" is defined by the statute as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2).

The term "burglary" in § 924(e)(2)(B)(ii) has been interpreted by the Supreme Court to mean any conviction, regardless of its label, "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Where a state burglary statute defines the crime more broadly by, for instance, eliminating the requirement that the entry be of a building, permitting conviction for the entry of an automobile, a booth, a boat, or a tent, the court may still apply the enhancement if the jury must have necessarily found all the elements of the generic burglary definition adopted by the Court. *Id.* at 602. Thus, where an indictment charged only one theory of the offense – that defendant entered into a building – and the jury found the defendant guilty, the jury must necessarily have found that defendant entered into a building, rather than a boat or a car. *Id.* In such a case, a court could properly find that a defendant had been convicted of a "burglary," as that term is used in § 924(e)(2)(B)(ii). *Id.*

Even if the government cannot show that a previous conviction was for "burglary," as defined in *Taylor*, the enhancement might still apply if the previous conviction "otherwise involve[d] conduct that presents a serious

tools) was error, in that it strayed from the categorical approach employed by this circuit.

### 3. The 1978 Burglary Conviction

The district court initially found that Cooper's 1978 burglary conviction necessarily fell under the "otherwise" clause of §924(e), given the Sixth Circuit's holding in *Lane*. On remand, however, the district court found that this conviction did not count as a violent felony. Having already found three prior violent felony convictions to trigger § 924(e), we need not consider whether the district court should have counted this conviction as a violent felony.

### B. Downward Departure in Criminal History

The district judge departed downward in Criminal History from Level VI to Level IV, finding that Cooper's previous convictions over-represented the likelihood that Cooper would again engage in criminal activity. Because we have concluded that Cooper was an armed career criminal under § 924(e), he must be sentenced under § 4B1.4 of the Guidelines. Whether or not a departure is warranted after calculating Cooper's sentence under § 4B1.4, we leave to the district judge's discretion. We note, however, that if the district judge again determines that a two level downward departure in criminal history is warranted, he must provide further explanation of the inadequacy of a one level departure. A decision to depart two category levels is examined "more closely" than a one level departure. *United States v. Lassiter*, 929 F.2d 267, 270 (6th Cir. 1991). The Sixth Circuit has held that an *upward* departure in criminal history category of 3 categories (from III to VI) was an abuse of discretion where the sentencing court only mentioned Category IV as a potential stopping point, but failed to say why stopping there would be inadequate, and did not even mention Category V as a possibility. *United States v. Schultz*, 14 F.3d 1093, 1102 (6th Cir. 1994). The court held that sentencing courts must "move stepwise up the ladder" of criminal history categories, and "make specific findings, articulated in language relating to the guidelines, concerning the inadequacy of any

Ohio requires only that defendant have the necessary mens rea and take a "substantial step" in a course of conduct planned to culminate in the commission of the crime, beyond mere planning. Thus, the court reasoned, a defendant who merely intended to commit a burglary and posted accomplices in vehicles near a house to serve as lookouts, or posed as a deliveryman to be certain nobody was home, or engaged in similar conduct could be convicted of attempted burglary, despite the fact that defendant's conduct did not significantly increase the potential for personal injury. We cannot agree with the district court.

We are bound by the decision of the Sixth Circuit in *United States v. Lane*. 909 F.2d 895 (6th Cir. 1990). That case, employing the categorical approach, found that the crime of attempted burglary under Ohio law was a crime involving "conduct that presents a serious potential risk of physical injury to another," and therefore met the "otherwise" clause of § 924(e). *Id*. at 903. The holding in *Lane* was twice reaffirmed by the Sixth Circuit. *Bureau*, 52 F.3d at 591; *United States v. Fish*, 928 F.2d 185, 188 (6th Cir. 1991). This circuit has repeatedly emphasized that in making § 924(e) violent felony determinations we employ a categorical approach. If, as *Lane*, *Fish*, and *Bureau* hold, the offense of attempted burglary categorically meets the "otherwise" clause of § 924, then logic dictates that a conviction for attempted aggravated burglary also categorically meets the "otherwise" clause. Regardless of whether *Lane* was wrongly decided, as the district court maintains, this panel is bound by that decision, as well as the later cases reaffirming it.[2] Those cases compel us to count Cooper's conviction for attempted aggravated burglary as a violent felony. The district court's attempt to distinguish *Lane* and *Bureau* by examining the specific substantial step that Cooper was charged with and pled guilty to (hiding in front of the house with burglar's

---

[2] A panel of this court may not reverse a prior published ruling of another panel; only an en banc panel of the court may do so. Rule 206(c), Rules of the Sixth Circuit.

potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In determining whether the "otherwise" clause applies, *Taylor* requires a categorical approach. Instead of examining the conduct of the individual defendant, the court must examine the statute defining the crime for which defendant was convicted. *Taylor*, 495 U.S. at 600. If that statute generally proscribes conduct "that presents a serious potential risk of physical injury to another," then the "otherwise" clause of § 924(e) applies. *Id*. at 602. This is so even if there exists a possibility that the statute could potentially encompass conduct which did not actually create a serious risk of injury to another person. *United States v. Bureau*, 52 F.3d 584, 591 (6th Cir. 1995). That is, even if a hypothetical case could be found in which the statute would apply, but the defendant's conduct would not actually pose a serious risk of injury, any and all convictions under the statute might still fall under the "otherwise" clause. *Id*. at 591. This is contrary to the view of the Fifth, Ninth, and Tenth Circuits. *Id*. at 592. Thus, in *United States v. Kaplansky*, the court held that a conviction for kidnapping met the "otherwise" clause, even though the statutory definition of kidnapping at issue permitted conviction in a case where deception, rather than force or threat of force, was used to effect the kidnapping. 42 F.3d 320, 325 (6th Cir. 1994). The court stated:

> That deception may be used to effect the kidnapping does not erase the ever-present possibility that the victim may figure out what's really going on and decide to resist, in turn requiring the perpetrator to resort to actual physical restraint if he is to carry out the criminal plan. Thus, the potential for violence against the victim is an inherent aspect of the crime of kidnapping . . . . Just because actual force or injury may not surface in a particular instance of kidnapping (i.e., in those instances initiated by deception) does not mean that it is not an undercurrent of the offense having the serious *potential* of rising to the surface.

*Id*. at 324 (emphasis in original).

With this categorical framework in mind, we turn now to Cooper's previous convictions at issue.

### 1.  The 1972 and 1974 Breaking and Entering Convictions

The district court initially held that the government had not met its burden of showing that the two breaking and entering convictions were "burglaries," as defined generically by *Taylor*, because the Ohio breaking and entering statute permitted conviction for the breaking and entering of places other than buildings, such as boats, automobiles, or railroad vehicles.  On remand, the government presented the district court with copies of the indictments for these two convictions. Because each indictment charged Cooper with breaking and entering into only dwelling houses, the district court found that the convictions met the *Taylor* definition of "burglary" in § 924(e), and were therefore counted as violent felonies.  We agree with the district court's reasoning as to these two previous convictions, and count them as violent felonies for purposes of § 924(e).

### 2.  The 1978 Conviction for Attempted Aggravated Burglary

The district court determined that this conviction did not count as a violent felony because an attempted aggravated burglary under Ohio law does not necessarily require conduct that presents the serious potential for personal injury.  We begin our review by examining this conviction under the categorical approach.  The relevant portions of the statutes at issue (at the time of conviction) read:

2923.02  Attempt
Sec. 2923.02.  (A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense . . . .
(E) Whoever violates this section is guilty of an attempt to commit an offense.

Ohio Rev. Code Ann. § 2923.02 (Anderson 1982) (amended 1983).

2911.11  Aggravated burglary.
(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:
(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
(2) The offender has a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code on or about his person or under his control.
(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.
(B) Whoever violates this section is guilty of aggravated burglary, a felony of the first degree.

Ohio Rev. Code Ann. § 2911.11 (Anderson 1982) (amended 1983).

The issue with respect to this conviction is not whether it meets the generic definition of burglary, but whether it meets the "otherwise" clause of § 924(e)(2)(B)(ii).[1]  The district court held that it did not because an attempt conviction in

------

[1] We note, however, that the Sixth Circuit has indicated that attempted burglary convictions could also meet *Taylor*'s generic definition of "burglary" under § 924(e).  In *Bureau*, the court held that defendant's attempted burglary conviction met both the "otherwise" clause and the generic "burglary" definition.  52 F.3d at 593.  Although the Tennessee burglary statute at issue was broader than the generic *Taylor* definition, in that it did not require unlawful entry, and it did not require entry into a building, the court looked to the PSR, which indicated that *Bureau* was indicted for unlawfully entering a building.  *Id.*  The court found that *Bureau*'s conviction therefore met the generic definition of burglary.  *Id.* at n.6.