**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rigoberto SALINAS, Defendant–
Appellant.**

**No. 01–2297.**

United States Court of Appeals,
Sixth Circuit.

March 31, 2003.

BEFORE: BATCHELDER and MOORE, Circuit Judges; and COLLIER, District Judge.*

COLLIER, District Judge.

This appeal comes from the Eastern District of Michigan (Paul D. Borman, J.). Appellant Rigoberto Salinas appeals his sentence of a term of 100 months in prison to be followed by 10 years of supervised release, arguing the district court should have departed downward to a greater extent than it did. He requests the Court vacate his sentence and remand this case to the district court for a resentencing proceeding that will address his concerns from the original sentencing proceeding. For the following reasons, we will **AFFIRM** the sentence imposed by the district court.

## I. BACKGROUND

On August 10, 2000, the United States charged Appellant and two codefendants with conspiracy to possess with intent to distribute and to distribute in excess of 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1) (JA at 10–11). Appellant pleaded guilty to the charge (JA at 35–36).

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Relying on the 2000 edition of the Sentencing Guidelines Manual, the district court found Appellant's total offense level to be 29 and his criminal history points placed him in Criminal History Category III (JA at 69, 72). His offense level and criminal history category yielded a guideline imprisonment range of 108 to 135 months (JA at 76). However, the minimum sentence under 21 U.S.C. § 841(b)(1)(A) for this offense was twenty years imprisonment (JA at 22, 36).

The government filed a motion pursuant to USSG § 5K1.1, recommending Appellant be sentenced to a term of imprisonment not to exceed 120 months (JA at 27–28). Appellant filed a sentencing memorandum to suggest there were significant grounds for departure from the guideline range of 108 to 135 months imprisonment (JA at 23–25).[1] Appellant argued the combination of four factors warranted a downward departure in his case: (1) his limited role in the conspiracy, especially compared to the leaders and sentences they received; (2) an absence of pecuniary gain; (3) the effect upon his family; and (4) Category III overrepresented his criminal history (JA at 23–25). Appellant requested a term of imprisonment no greater than 60 months (JA at 25).

On September 6, 2001, the district court sentenced Appellant to a term of imprisonment of 100 months and supervised release of 10 years (JA at 14–17). During the proceeding, the court acknowledged the government's § 5K1.1 motion and heard Appellant's counsel regarding his sentencing memorandum (JA at 48–52). The government responded, urging the court impose a sentence of 120 months as suggested in its motion (JA at 52–53). The court asked the government to specifically respond to Appellant's comparison to his two coconspirators, and each side then addressed the sentences imposed upon them (78 months, 84 months) (JA at 53–54). The government stressed the difference in Appellant's relevant criminal history (two prior felony drug convictions, triggering a provision of § 841(b)), the ease with which he contacted the drug suppliers, and that he committed this offense within two months of receiving probation in Texas (JA at 53–54). Appellant indicated the coconspirators had higher criminal history categories, but the government explained their prior convictions were of a different nature than Appellant's (JA at 53–55). Then the court noted Appellant's recurrent drug convictions and imposed its judgment (JA at 55).

## II. STANDARD OF REVIEW

A district court has the discretion to depart downward from the sentencing guideline range where "a defendant's criminal history category significantly overrepresents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes" or where there is a mitigating factor not adequately taken into account in the Sentencing Guidelines. USSG §§ 4A1.3, 5K2.0. A decision to depart from the Sentencing Guidelines is reviewable for abuse of discretion. *United States v. Schulte*, 264 F.3d 656, 659 (6th Cir.2001). However, a district court's discretionary refusal to depart downward generally is not reviewable, unless the district court mistakenly believed it did not have legal authority to depart downward. *United States v. Henderson*, 209 F.3d 614, 617–18 (6th Cir. 2000). The district court need not explicitly state it is aware of its discretionary

---

**1.** Appellant specifically did not enter a legal objection to the guidelines computation (JA at 23A).

authority to depart downward; the record need only make clear the court's awareness of its discretion. *United States v. Owusu,* 199 F.3d 329, 349 (6th Cir.2000).

## III. DISCUSSION

The record clearly indicates the district court was aware of its discretionary authority to depart downward in setting Appellant's sentence, so we are precluded from reviewing the extent of the court's downward departure. *United States v. Nesbitt,* 90 F.3d 164, 166 (6th Cir.1996). During the sentencing proceeding, the district court listened to Appellant's comments regarding his sentencing memorandum, and the court asked both sides to address portions of Appellant's argument. After hearing the parties, the district court referred to Appellant's criminal history consisting of drug offenses, and it sentenced Appellant to imprisonment for 100 months.[2] This sentence was 140 months below the statutory minimum for Appellant's offense, 20 months below the sentence suggested by the government in its USSG § 5K1.1 motion, and eight months below the guideline range for Appellant's offense level and criminal history category. The record indicates the district court was aware of its discretion to depart downward, so the extent of the downward departure is not reviewable.

As we said earlier, departures by sentencing courts are reviewable in certain situations. However, it is clear that this case is not one of them. This is not a case where the defendant is appealing the extent of an upward departure, *see United States v. Schultz,* 14 F.3d 1093, 1102 (6th Cir.1994) (holding that sentencing courts "must move stepwise up the ladder of criminal history categories" when making upward departures and make specific findings on the "inadequacy of any sentencing categories passed over"), or the government is appealing the extent of a downward departure. *See United States v. Cooper,* 302 F.3d 592, 597 (6th Cir.2002) (concluding that if a district court determines a two level downward departure in criminal history is required, then the court must explain the inadequacy of a one level departure). This is a case in which the defendant attempts to obtain review of the district court's reasoning for departing only twenty months below the level recommended by the government in its USSG § 5K1.1 motion rather than sixty months below that level, as the defendant requested.

We are unaware of any circuit that allows a *defendant* to appeal the reasoning and methodology behind the sentencing court's determination of the extent to which it will depart downward, regardless of whether that downward departure is of more than one sentencing level or whether the court has explained why intermediate categories are inappropriate. The D.C. Circuit, in *United States v. Hazel,* 928 F.2d 420 (D.C.Cir.1991), considered a defendant's right to appeal the reasoning and analysis behind a downward departure; after explaining that the court lacks jurisdiction to review a sentencing court's denial of a downward departure, the court specifically reasoned:

---

**2.** While the reasoning behind the district court's sentence of 100 months is not fully explained, the district court appears satisfied Category III did not over-represent Appellant's criminal history. After hearing argument on Appellant's criminal history and just before imposing the sentence, the district court said, "Mr. Salinas led a life of drug distribution. Back in 92 he got convicted. In 1999 he got convicted, and got more of the same here, and this time it is methamphetamines with a prior conviction" (JA at 55). Thus it is clear the district court considered Appellant's criminal history but did not depart downward on that basis.

[g]iven these holdings, granting the defendant's request for review in this case would place us in the inconsistent position of being able to review the methodology and justifications for the degree of a downward departure, while leaving us unable to review a decision not to depart in the first instance. Thus, should we remand a downward departure decision to the trial court, the sentencing judge could easily resolve the methodology problem by providing for no departure at all—a decision we would be unable to review, and one that would place a defendant such as Hazel in a worse position than that in which he presently finds himself.

*Id.* at 424; *see also United States v. Hill,* 70 F.3d 321, 324 (4th Cir.1995) (citing *Hazel* language with approval). Likewise, the Second Circuit has refused to consider a defendant's appeal of a downward departure when the sentencing court failed to explain the reasoning of the departure. In *United States v. Greer,* 285 F.3d 158 (2d Cir.2000), the court found that, because the court lacked jurisdiction to review a district court's refusal to depart downward or review the extent of a downward departure, "a rule that allows review of the failure to explain the extent of a departure would be 'anomalous.' The end result is that we may only review the District Court's failure to state its reasons for the defendants' sentences if those sentences were not the result of downward departures." *Id.* at 177 (internal citations omitted). Accordingly, we hold that where there is no indication in the record that the sentencing court did not understand its discretion to depart downward, a defendant cannot appeal that court's failure to explain the reason for the extent of any downward departure it makes.

## IV. CONCLUSION

Appellant contends the district court should have departed further downward when it sentenced him to 100 months in prison. Because the record shows the district court was aware of its discretionary authority to depart downward, Appellant cannot appeal the extent of the district court's downward departure. Therefore, we **AFFIRM** the district court's sentence.

MOORE, Circuit Judge, concurring.

I concur in the majority opinion, and write separately only to recognize that this court does have authority to review whether a district court misconstrued the scope of its discretion to depart downward. As a general matter, this court "has no jurisdiction over appeals contesting the extent of a downward departure as such appeals do not fall under 18 U.S.C. § 3742," *United States v. Nesbitt,* 90 F.3d 164, 166 (6th Cir.1996), and has no jurisdiction over appeals contesting a district court's decision not to depart downward. *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995). We can review the decision "only if the district court incorrectly believed it lacked the authority to grant such a departure as a matter of law." *United States v. Owusu,* 199 F.3d 329, 349 (6th Cir.2000); *see* 18 U.S.C. § 3742(a)(2) (permitting review for any misapplication of the United States Sentencing Guidelines ("U.S.S.G.")). Therefore, we can also review a defendant's contention that "the district court erred in construing the *scope* of its discretion to depart downward." *United States v. Hazel,* 928 F.2d 420, 426 (D.C.Cir.1991) (Mikva, J., concurring).

The Sentencing Guidelines provide that a district court has discretion to depart downwards where "a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. § 4A1.3. This court has said that where a district judge departs downward pursuant to § 4A1.3, "he must move step-

wise down the ladder, explaining why each intervening level is inappropriate, in order to provide an opportunity for meaningful review of his exercise of discretion." *United States v. Cooper*, 302 F.3d 592, 598 (6th Cir.2002). Unlike most provisions of the guidelines that inform district courts about when a departure is appropriate, " § 4A1.3 also governs the method by which the scope of a departure is calculated, and a failure to abide by its terms would constitute a misapplication of the guidelines subject to appellate review." *Hazel*, 928 F.2d at 426 (Mikva, J., concurring). Thus, I believe this court can review a defendant's challenge to a downward departure ruling on grounds that the district court misapplied the guidelines by failing to follow the required method of departure under § 4A1.3. Such a challenge goes not to the extent of the district court's departure, but to whether the district court misconstrued the scope of its discretion to depart.

In this case, however, we cannot determine whether the district court erred in construing the scope of its discretion under § 4A1.3 because there is no evidence in the record that the district court relied on this provision when departing downwards. At Salinas's sentencing hearing, the government moved for a downward departure for substantial assistance, implicating § 5K1.1, and Salinas sought a downward departure on grounds that implicated § 4A1.3 and § 5K2.0. The district court departed downward to 100 months of imprisonment, 20 months lower than the departure suggested in the government's § 5K1.1 motion. However, there is no indication that the district court departed downward because Salinas's criminal history category over-represented the seriousness of his criminal history. In fact, the court responded to the government's final argument that Salinas was "at the fringe" and deserved a lower sentence than the leaders of his organization, only by observing that "Mr. Salinas led a life of drug distribution. Back in 92 he got convicted. In 1999 he got convicted, and got more of the same here, and this time it is methamphetamines with a prior conviction." Joint Appendix at 55 (Sentencing Tr.). The sentencing transcript in no way suggests that the district court departed downward pursuant to § 4A1.3, or that the district court was unaware of its discretionary authority to do so.

We cannot review a district court's decision not to depart downward pursuant to § 4A1.3 where there is no evidence that the district court was unaware of its authority to do so. Furthermore, we cannot review the extent of a downward departure granted pursuant to § 5K1.1 or § 5K2.0. Therefore, Salinas's sentence is not reviewable.