UNITED STATES of America,
Plaintiff–Appellee,

v.

Cecil Lamar COOPER, Defendant–
Appellant,

No. 03–3397.

United States Court of Appeals,
Sixth Circuit.

May 6, 2003.

Kevin W. Kelley, U.S. Attorney's Office, Columbus, OH, for Plaintiff–Appellee.

Michael T. Gunner, Hilliard, OH, for Defendant–Appellant.

Before KENNEDY, SUHRHEINRICH and BATCHELDER, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant appeals from the sentence imposed February 6, 2003 after two appeals by the United States and two remands from this Court, the last directing that defendant be sentenced as an armed career criminal.[1]

1. A history of the two prior appeals is found in *United States v. Cooper*, 302 F.3d 592 (6th Cir.2002).

Defendant does not claim error in the calculation of his guideline sentence of 188 months. at the low end of the guidelines. Rather, he asserts that the sentence is cruel and unusual punishment, in violation of the Eighth Amendment, and that the government's two prior appeals of defendant's sentence were predicated on racial bias. Neither of these grounds were raised in the District Court. However, we may consider on appeal questions which were not raised in the court below. *United States v. Hayes,* 218 F.3d 615 (6th Cir.2000).

■ The constitutionality of a sentence is a question of law which is subject to *de novo* review. The statutorily-mandated minimum for an armed career criminal is 15 years or 180 months. That sentence is mandated by Congress. It has been upheld as not being cruel and unusual punishment by this Court. *United States v. Johnson,* 22 F.3d 674, 683 (1994); *United States v. Warren,* 973 F.2d 1304, 1311 (1992); *United States v. Pedigo,* 879 F.2d 1315, 1320 (1989). The additional eight months were required in view of defendant's criminal history and the number of illegally-possessed weapons. We also note that the Supreme Court has upheld, against an Eighth Amendment challenge, a jail sentence of 25 years for a felon who stole three golf clubs where the sentence was a result of the application of the California's "three strikes" law. *Ewing v. California,* 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003). We find nothing in the record of this case that would suggest that defendant's sentence is more cruel and/or unusual than that of the defendant in *Ewing.*

■ In addition to the Eighth Amendment challenge, defendant asserts that the government's pursuit of a severe sentence was racially motivated "to punish him more severely than the underlying circumstances warranted." Charges of racial bias are serious accusations, not to be made or taken lightly. This is especially true when those allegations are directed against public officials. Despite repeated inquiries from this Court, defendant's counsel was unable to provide a shred of evidence that would substantiate his charge that the government's conduct in this case was motivated by anything other than its desire to ensure that the district court properly adhered to the Sentencing Guidelines. The district court's failure to sentence defendant as an armed career criminal, required by his state conviction for Attempted Aggravated Burglary, and two breaking and entering of a dwelling convictions, obligated the United States to appeal. While the discovery of defendant's guns may have come about because his mother-in-law, who is white, provided information of his illegal possession (defendant is Black), she had many other reasons in addition to possible racial bias for being dissatisfied with her son-in-law as itemized in her trial testimony. Defendant points to no other evidence of racial bias in the record of the case. Indeed the defendant acknowledges in his brief that he does not contend that the initial prosecution was racially motivated. Once defendant was convicted, the district court lacked discretion to sentence below the statutory minimum of fifteen years and follow other guideline requirements. The government has an obligation to enforce Sentencing Guideline requirements and congressionally-mandated minimum sentencing statutes.

Moreover, the government could have appealed the third sentence given by the district court because defendant's criminal history properly scored appears to be category VI rather than category IV. If racial animus was at play in this case, we have no doubt that such an appeal would have been forthcoming. We reiterate, in no uncer-

tain terms, that there is no evidence of racial bias in the actions of the government in this case. We trust that future defendants would abstain from making such unsupported allegations that do nothing but unjustifiably attempt to tarnish the reputation of men and women charged with the enforcement of our laws.

Moore, Circuit Judge, filed dissenting opinion.