**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 09a0390n.06**

**No. 07-1204**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>**Jun 01, 2009**<br>LEONARD GREEN, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| STEVEN SIMMONS, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: MARTIN, SUHRHEINRICH, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant Steven Simmons appeals his convictions and sentence. Simmons entered an unconditional plea of guilty to being a felon in possession of a firearm and possession of an unregistered firearm. The United States District Court for the Eastern District of Michigan sentenced Simmons to a term of 180 months imprisonment under the Armed Career Criminal Act ("ACCA"). Simmons now appeals, arguing that the district court erred by denying his pretrial motion to suppress without holding an evidentiary hearing and by sentencing him under the ACCA. For the reasons that follow, we affirm his convictions and sentence.

I.

On November 11, 2000, uniformed Detroit police officers observed Simmons move his hands

around his waistband area. The officers, who believed that Simmons had a firearm in his waistband, approached him. Simmons then rode his bicycle in a direction away from the officers, but he soon crashed his bicycle into a pile of debris. After his spill, Simmons was handcuffed and searched. The search revealed a loaded, sawed-off shotgun; three rounds of live ammunition; and a crack pipe.

Simmons was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and one count of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5845(a)(4). On October 14, 2005, United States Magistrate Judge Paul J. Komives held a hearing on Simmons's motion to suppress. The magistrate judge recommended that the motion to suppress be denied without an evidentiary hearing. After neither party objected to the report and recommendation, the district court entered an order adopting it. Simmons rejected a plea agreement, and the case proceeded to trial. After a jury had been empaneled, however, Simmons decided to plead guilty to the indictment.

At the change of plea hearing, Simmons admitted that he had four prior felony convictions. Based on the prior convictions, the presentence report classified Simmons as an armed career criminal, resulting in a recommended Guidelines range of 188 to 235 months. At sentencing, Simmons argued that he deserved a downward variance from the bottom of the Guidelines range to the statutory minimum under the ACCA. Simmons did not, however, argue that the ACCA did not apply to him. The district court agreed that a variance was appropriate and sentenced Simmons to the statutory minimum term of 180 months imprisonment. This timely appeal followed.

II.

Simmons first argues that the magistrate judge erred by (1) ruling on his motion to suppress

without holding an evidentiary hearing and (2) finding that the police officers had reasonable suspicion to stop him. The government responds that Simmons waived any argument on the suppression issue because he entered a guilty plea that did not reserve it for appeal.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007). However, a defendant may enter a conditional plea of guilty and obtain appellate review if he (1) obtains the consent of the court and the government; (2) reserves the right to appeal in writing; and (3) specifies the pretrial ruling to be appealed. Fed. R. Crim. P. 11(a)(2); *see also United States v. Herrera*, 265 F.3d 349, 351 (6th Cir. 2001). The burden is on the defendant to reserve any issues for appeal. *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001).

Here, Simmons pled guilty to the indictment without the benefit of a plea agreement with the government. During the change of plea hearing, the following exchange occurred:

> THE COURT: The Court is satisfied [with the plea colloquy]. You want to place on the record a reservation concerning appeal rights?
>
> MR. SWOR: We want to reserve for Mr. Simmons the right to challenge the constitutionality or the legality of using the convictions that are older than 15 years as being inconsistent with the statutory construct, the constitutional construct represented by the Sentencing Guidelines.

(Change of Plea Hr'g Tr. at 21-22, Aug. 7, 2006.) This was the only ruling specified for appeal.[1]

Even assuming that this statement from counsel–which was not made with the consent of the government and was not in writing–reserved Simmons's right to appeal, counsel did not specify the right to challenge the suppression ruling. Nor has Simmons challenged the validity of his guilty plea. In these circumstances, Simmons waived any nonjurisdictional defects in the proceedings. *See United States v. Turner*, 272 F.3d 380, 389 (6th Cir. 2001); *United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir. 1997). We therefore affirm his convictions.

III.

Simmons next argues that the district court erred by sentencing him under the ACCA. Generally, we review *de novo* the determination that a defendant qualifies for a sentence enhancement under the ACCA. *See United States v. Amos*, 501 F.3d 524, 526 (6th Cir. 2007). Because Simmons failed to object to the application of the ACCA before the district court, however, we review that claim only for plain error.[2] *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th

---

[1]At the start of the change of plea hearing, counsel attempted to reserve the same issue:

> Your Honor, at this time it is Mr. Simmons' desire to withdraw his not guilty plea and enter a plea of guilty to the Court. We would request that he be allowed to reserve the right to appeal the Court's decision on the 15-year sentence. I think it's a constitutional issue in light of the change of the law in Apprendi, but as far as the facts go, we're ready to proceed.

(Plea Hr'g Tr. at 2.) These were the only instances where reservation of appeal rights was mentioned on the record.

[2]At oral argument, the government suggested for the first time that Simmons waived any review of the ACCA application by pleading guilty to the 18 U.S.C. § 924(e) charge. The government waived this issue, however, by failing to raise it in its brief. *See United States ex rel.*

Cir. 2008) (*en banc*).  To establish plain error, Simmons must show (1) an error (2) that is plain and (3) affects substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings.  *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks omitted); *United States v. Hunter*, 558 F.3d 495, 501 (6th Cir. 2009).

The first question, then, is whether the district court erred.  The ACCA requires a minimum sentence of fifteen years imprisonment where the defendant is convicted under 18 U.S.C. § 922(g) and has three prior convictions for any "violent felony" or "serious drug offense," or both.  18 U.S.C. § 924(e)(1).  The term "'violent felony' means any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B).

Here, Simmons pled guilty to being a felon in possession of a firearm in violation of § 922(g)(1), triggering the ACCA.  He further admitted that he had the following felony convictions: (1) armed robbery in 1979; (2) a second armed robbery in 1979; (3) assault with intent to commit great bodily harm less than murder in 1989; and (4) breaking and entering an unoccupied building, also in 1989.  (Plea Hr'g Tr. at 15.)  Both armed robbery convictions count against Simmons.  Under Michigan law, armed robbery involves the use of force and is therefore a violent felony within the meaning of § 924(e).  *United States v. Curtsinger*, 9 F.3d 110 (6th Cir. 1993) (table).  Each robbery

*Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 450 n.6 (6th Cir. 2008).

was committed on a separate occasion; and although they were combined for sentencing purposes, they are separate convictions under the ACCA. *United States v. Brady*, 988 F.2d 664, 669 (6th Cir. 1993) (*en banc*). Assault with intent to commit great bodily harm also meets the definition of a violent felony because it is punishable by imprisonment of more than one year, Mich. Comp. Laws § 750.84, and "has as an element the use . . . of physical force against the person of another," § 924(e)(2)(B)(i), bringing Simmons's violent felony count to three. Finally, although three would be sufficient to apply the ACCA, Simmons also has a fourth violent felony conviction for breaking and entering a building.[3]

In sum, Simmons was convicted under § 922(g) and had four prior convictions for violent felonies, qualifying him for an enhanced sentence under the ACCA. Under these circumstances, the district court committed no error, plain or otherwise.[4]

IV.

For the foregoing reasons, we affirm Simmons's convictions and sentence.

---

[3]The crime of breaking and entering a building in Michigan requires the element of having the intent to commit a felony or larceny. Mich. Comp. Laws § 750.110(1). Therefore, despite its label, breaking and entering a building has all the basic elements of common law burglary and is therefore a "burglary" within the meaning of § 924(e)(2)(B)(ii). *United States v. Cooper*, 302 F.3d 592, 594-95 (6th Cir. 2002) (citing *Taylor v. United States*, 495 U.S. 575, 599 (1990)).

[4]To the extent Simmons objects to counting convictions older than fifteen years as predicate felonies, we have rejected any age limit on convictions that can trigger the ACCA. *United States v. King*, 516 F.3d 425, 432 (6th Cir. 2008). In any event, although Simmons raised the age of conviction issue at the change of plea hearing, he failed to preserve it at sentencing or in his appellate brief, and the argument is waived.