HELENE N. WHITE, Circuit Judge,
concurring in part.
I concur in the majority opinion except with respect to section II.A.1. concerning aggravated burglary. Because Priddy’s robbery and burglary convictions are categorically violent felonies for the reasons discussed by the majority, we need not address- Priddy’s aggravated burglary convictions. More specifically, we need not rely on United States v. Nance, 481 F.3d 882 (6th Cir.2007), to resolve this issue, and should refrain from doing so, because Nance offered no discussion of the Tennessee statute’s definition of “habitation,” which likely renders Tennessee’s aggravated burglary statute non-generic.
Although Nance held that a conviction of aggravated burglary under Tennessee’s statute is categorically a violent felony for purposes of the Armed Career Criminal Act (ACCA), it treated the statute as indivisible and did not discuss the alternative definitions of “habitation” found in § 39-14-401, which include structures other than buildings, such as tents and some vehicles. Later cases in this Circuit have held that Tennessee’s aggravated burglary statute is divisible, in part because the definition of “habitation” provides alternative sub-elements within the “habitation” element. See United States v. Ozier, 796 F.3d 597, 600-03 (6th Cir.2015); United States v. Lara, 590 Fed.Appx. 574, 585 (6th Cir.2014). Tennessee’s expansive definition of “habitation”- — -not discussed in Nance — likely renders its aggravated burglary statute broader than Taylor’s definition of generic burglary. Compare Tenn. Code. Ann. § 39-14^101 (defining habitation to include, inter alia, “any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted.for the overnight accommodation of persons,” and “a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant”), with Taylor v. United States, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (observing that statutes may be broader than generic burglary “by including places, such as automobiles and vending machines, other than buildings”); United States v. Cooper, 302 F.3d 592, 594-95 (6th Cir.2002) (noting that burglary statute may be broader than generic definition “by, for instance ... permitting conviction for the entry of an automobile, a booth, a boat, or a tent”).
Because Nance’s unqualified holding that aggravated burglary under the Tennessee statute is a violent felony under the ACCA is likely too broad under Taylor and Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 2283-86, 186 L.Ed.2d 438 (2013), and Priddy’s robbery conviction and two burglary convictions under § 39-14-402(a)(1)-(3) are clearly violent felonies, I would find it unnecessary to address whether his aggravated burglary convictions also qualify as violent felonies under the ACCA.