STRANCH, J., delivered the opinion of the court, in which BELL, D.J., joined, and CLAY, J., joined in part. CLAY, J. (pp. 376-79), delivered a'separate opinion concurring in part and in the judgment.
OPINION
JANE B. STRANCH, Circuit Judge.
Christopher Hargrove pled guilty to possession of child pornography. Among the hundreds of images he possessed were those of three child victims who are now adult women known by their pseudonyms, “Vicky,” “Amy,” and “L.S.” At sentencing the district court ordered Hargrove to pay restitution to these victims. The court also imposed contingent joint and several liability on Hargrove in the event the victims are unable to acquire necessary resources to pay for their psychological treatment from defendants convicted in other cases who also viewed the images and videos. Hargrove asks us to set aside the restitution order because the court did not require the government to prove that he caused actual and proximate harm to the victims and because the court lacked authority to enter the contingent restitution order. In light of our decisions in United States v. Gamble, 709 F.3d 541 (6th Cir.2013), and United States v. Evers, 669 F.3d 645 (6th Cir.2012), we vacate the restitution order and remand the case to the district court for further proceedings.
I. PROCEDURAL HISTORY
Forensic examination of Hargrove’s computer revealed more than eight hundred images and sixteen videos depicting the sexual exploitation of children. “L.S.” appeared in eight of those images, “Amy” in three images, and “Vicky” in one video. In January 2008 the government indicted Hargrove on two counts of transporting *373 child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(l) & (b)(1); one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) & (b)(1); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(1). Nearly one year later Hargrove pled guilty to the possession charge under a plea agreement with the government and then absconded.
Upon return to federal custody, Har-grove pled guilty in a separate case to a charge of failure-to-appear, in violation of 18 U.S.C. § 3146(a)(1), (b)(l)(A)(ii), & 3147(1). The court consolidated the two cases and pronounced a sentence of 60 months in prison on the child pornography offense and 12 months in prison on the failure-to-appear offense, to be served consecutively. The court also imposed twenty years of supervised release.
Based on expert reports and other materials, the victims claimed they had incurred substantial losses, primarily for psychological treatment: “Amy,” over $3.3 million; “Vicky,” over $148,000; and “L.S.,” $150,000. The court found that the mandatory restitution statute, 18 U.S.C. § 2259, supplied “statutory causation” 'to support restitution, but held that apportionment of the victims’ losses was appropriate because other courts also had awarded restitution to the same victims in other cases. The court ordered Hargrove to pay $3,000 in restitution to each victim. As an alternative, the court imposed joint and several liability on Hargrove in the amount of $150,000 for each victim “if it turns out these victims aren’t getting the care that they need for reason of lack of money.” R. 166 Page ID 974.
In this timely appeal, Hargrove challenges only the restitution order. He does not raise any issue concerning his convictions or the other aspects of his sentences.
II. STANDARD OF REVIEW
“We review de novo the question whether restitution is permitted under the law.” Evers, 669 F.3d at 654 (citing United States v. Jones, 641 F.3d 706, 713 (6th Cir.2011)). If restitution is permissible, we review the amount of restitution imposed by the court for abuse of discretion. Id. The government has the burden to prove the amount of the victim’s loss by a preponderance of the evidence. 18 U.S.C. §§ 2259(b)(2), 3664(e); Evers, 669 F.3d at 654-55.
III. ANALYSIS
The parties agree that the district court erred when .it ordered restitution under § 2259 without requiring the government to demonstrate that any of the losses sustained by ‘Vicky,” “Amy,” and “L.S.” were proximately caused by Har-grove’s offense. The parties rely on Evers, 669 F.3d at 659, where we held that the government must prove proximate cause with respect to all categories of losses set forth in § 2259(b)(3)(A)-(F) before restitution may be ordered. The district court did not have the benefit of Evers because we issued that opinion nearly six months after Hargrove’s sentencing.
More recently, in Gamble, we considered two child pornography cases in which the district court required each defendant, jointly and severally, to pay over $1 million in restitution to ‘Vicky.” Gamble, 709 F.3d at 542. Applying Evers, we held that the government bears the burden to “show that the costs incurred by the victim were proximately caused by the defendant’s offense.” Id. at 546.
We explained in Gamble that a child pornography victim may recover restitution under § 2259 upon a showing that the defendant’s conduct is a cause-in-fact of the victim’s harm—in other words, the de *374 fendant actually caused the victim’s losses—and the defendant’s conduct proximately caused the victim’s harm. See id. at 547. To be proximately caused, the harm must be reasonably foreseeable. Id. at 549.
Hargrove principally contends that the victims cannot show he is the cause-in-fact of their injuries because there is no evidence that the victims knew he possessed and viewed their pornographic images or that the victims’ injuries were more severe because he obtained and viewed their images. Additionally, he argues that he did not proximately cause harm to the victims because any harm resulting from his anonymous Internet downloads was “remote” and “indirect.”
Some courts have adopted reasoning similar to Hargrove’s. See e.g., United States v. Aumais, 656 F.3d 147, 154-55 (2d Cir.2011) (holding defendant did not proximately cause “Amy’s” loss because he was not a “substantial cause” of her harm); United States v. Kennedy, 643 F.3d 1251, 1264 (9th Cir.2011) (finding no proof of causal connection between defendant’s offense and specific losses of “Amy” and “Vicky”); United States v. Monzel, 641 F.3d 528, 538 (D.C.Cir.2011) (finding no showing that “Amy’s” losses were traceable to the defendant). But we expressly rejected such reasoning in Gamble, stating that “[a] cause-in-fact requirement does not necessarily mean that defendants of whom Vicky is unaware have not caused her losses.... Vicky’s losses result from the knowledge that her image is being generally circulated, and a district court could find that defendants like Crawford contributed to that knowledge.” Gamble, 709 F.3d at 549 n. 1 (citing United States v. Kearney, 672 F.3d 81, 98-99 (1st Cir.2012)).
In Kearney, the child pornography possessor tried to use a but-for causation standard to limit “Vicky’s” reasonably foreseeable losses arguing that, “because so ■ many have seen and distributed the pornography, his contribution cannot be said to have caused any harm absent specific linkage to Vicky’s knowledge about him.” Kearney, 672 F.3d at 98. But Vicky’s losses result from the knowledge that her image is being generally circulated by multiple actors. As a result of that circulation, the emotional harm she suffers is worse than would otherwise be the case. See id. “When the conduct of two or more actors is so related to an event that their combined conduct, viewed as a whole, is a but-for cause of the event, and application of the but-for rule to each of them individually would absolve all of them, the conduct of each is a cause in fact of the event.” Id. (quoting W. Page Keeton et al., Prosser and Keeton On The Law Of Torts § 41, at 268 (5th ed. 1984)). Under this reasoning, Hargrove’s conduct in possessing and viewing the victims’ pornographic images is a but-for cause of the victims’ harm. See Gamble, 709 F.3d at 556 (Kethledge, J., concurring in part and concurring in the judgment) (“I would ... adopt the First Circuit’s rule of aggregate causation (though only for purposes of determining actual cause.) See United States v. Kearney, 672 F.3d 81, 98 (1st Cir.2012). And where that test is met, as it is here, I would simply move on to the issue of proximate causation.”).
To the extent Hargrove’s argument relates to “proximate causation, rather than but-for causation, the same reasoning applies to reject his contention.” See Kearney, 672 F.3d at 98. Proximate cause exists “even where ‘none of the alternative causes is sufficient by itself, but together they are sufficient’ to cause the harm.” Id. (quoting Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 27 reporters’ n. cmt. g. (2010); id. § 36 *375 cmt. a (“[E]ven an insufficient condition ... can be a factual cause of harm when it combines with other acts to constitute a sufficient set to cause the harm....”)). Because proximate cause “exists on the aggregate level ... there is no reason to find it lacking on the individual level.” Id. Upon adopting the First Circuit’s reasoning in Kearney, the Fourth Circuit observed that, “[gjiven the nature of the harm inflicted by purveyors and viewers of child pornography on their victims ... employment of the concept of aggregate harm in the proximate causation analysis best effectuates the express intent of the restitution statute.” United States v. Burgess, 684 F.3d 445, 459-60 (4th Cir.2012).
Our analysis based on Kearney is fully consistent with Gamble. There we explained that harm must be reasonably foreseeable to be proximately caused by the defendant’s criminal conduct, and “if the injury is the type that the statute was intended to prohibit,” it is more likely that the injury was proximately caused by the defendant. Id. at 549. Because “[t]he harm endured by the subject of child pornography upon realizing that others are viewing her image is part of what the child pornography prohibitions are designed to deter” and where the statute specifically permits restitution for injury in the form of mental distress, the “attendant costs, to the extent factually caused by the viewing, are proximately caused.” Id. at 550. Even if a child pornography victim “suffers very unusual psychosomatic injuries as a result of knowing that her mistreatment and humiliation are being viewed by others, those injuries are still part of the harm that the laws against child pornography are trying to avoid.” Id. Likewise, attorney’s fees incurred when undertaking reasonable efforts to obtain restitution for mental harm are proximately caused. Id. But some losses may not be recoverable because they do not stem from the type of injury the statute was intended to prohibit. For instance, although § 2259(b)(3)(C) allows restitution for necessary child care expenses, the “loss of a sex offender as a babysitter” is not “the sort of harm contemplated by the statute’s drafters” and thus, proximate cause does not exist to justify restitution for child care costs incurred to replace that babysitter. Id. (citing Evers, 669 F.3d at 660).
The language of § 2259, the remedial nature of the provision, and its mandatory requirement that the defendant pay the “full amount of the victim’s ’ losses” all point to the expansive categories of harm § 2259 seeks to redress. But whether the injuries alleged by each victim in this case fall within the scope of § -2259 so that the injuries are more likely to be proximately caused is an inquiry reserved for the -district court on remand. If the government carries its burden to prove that a restitution award for “Vicky,” “Amy,” or “L.S.” is appropriate, the court must consider that the defendant is not responsible for harm that occurred before the date of his offense. See Gamble, 709 F.3d at 554. Costs for the harms Hargrove proximately caused that are “clearly traceable” to him—such as the victims’ attorney’s fees incurred in seeking' restitution in this case—may be assessed directly to him. See id. And where the court must allocate restitution for aggregate harm caused by multiple defendants, the court may, as one option, apportion the restitution award using the formula described in the government’s appellate brief and approved by this court in Gamble. Id.
Undertaking such an analysis, the district court would first determine “the pool of a victim’s provable losses that are not traceable to a single defendant using the proximate cause standard” elucidated in Gamble and then divide that figure by the number of “convicted possessors” supplied *376 by the government from its database of convicted child pornography defendants. See id. But “[d]ifferent divisors may be reasonable,” and the government’s “apportionment proposal is not necessarily the only way to calculate restitution” in these kinds of cases. Id. District courts may consider other formulas or procedures for allocating restitution to redress the victims’ injuries, keeping in mind that the method chosen must “fairly implement Congress’s goals.” Id. Courts may not apportion restitution by imposing joint and several liability, as was done here. See id. at 550-53.
IV. CONCLUSION
Were we writing on a blank slate, our opinion would have examined more thoroughly the thoughtful analysis undertaken by the concurrence. But in light of Gamble and Evers, we are compelled to conclude that the district court’s method of awarding restitution to “Vicky,” “Amy,” and “L.S.” amounted to an abuse of discretion. Because the district court did not have the guidance of Gamble, Evers, or this opinion when it sentenced Hargrove, we now provide the court with an opportunity to consider the impact of these cases on Hargrove’s sentence.
We VACATE the restitution order and REMAND the case for further proceedings consistent with this opinion, Gamble, and Evers. On remand, the district court may consider the restitution award for each victim de novo, exercising its discretion to admit new evidence or argument.