NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0220n.06

No. 16-5223

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Apr 14, 2017

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JEREMY STOUT, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS, McKEAGUE, and GRIFFIN, Circuit Judges.

PER CURIAM. Jeremy Stout appeals the district court's restitution order.

Stout pleaded guilty to receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2). The district court sentenced him to 142 months in prison and ordered him to pay $2,000 in restitution to one of the victims.

On appeal, Stout argues that the restitution order is improper because, rather than determining the appropriate restitution amount based on the facts of his case, the district court relied on a grid that it had created in a previous case to promote uniformity when determining restitution awards in child pornography cases.[1] We generally review for an abuse of discretion

---

[1] We note that Stout's first appointed counsel filed an *Anders* brief, asserting a different claim of error (i.e., a substantive unreasonableness challenge to the term of imprisonment) and moving for leave to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). The motion to withdraw was granted. Second appointed counsel then filed an appellate brief challenging only the restitution order, without even mentioning the substantive unreasonableness claim. Because Stout's current counsel of record appears to have abandoned the challenge to the term of

the specific amount of restitution awarded by a district court. *United States v. Hargrove*, 714 F.3d 371, 373 (6th Cir. 2013). But Stout has waived his right to challenge the restitution amount, given his counsel's statements during the sentencing hearing that Stout would "be fine with" a $2,000 award and that such an award "is agreeable." *See United States v. Priddy*, 808 F.3d 676, 681-82 (6th Cir. 2015) (recognizing that, by agreeing in open court with a judge's proposed course of conduct, a defendant waives the right to challenge that conduct on appeal); *United States v. Kennedy*, 499 F.3d 547, 552-53 (6th Cir. 2007) (same).

Accordingly, we **AFFIRM** the district court's judgment of sentence.

---

imprisonment, and because we find it to be meritless anyway, this opinion focuses on Stout's challenge to the restitution order.