NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0554n.06

No. 19-3792

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE |
| JOHN S. MOBASSERI, | ) NORTHERN DISTRICT OF |
| | ) OHIO |
| Defendant-Appellant. | ) |
| | ) |

**BEFORE:** **SUHRHEINRICH, LARSEN, and READLER, Circuit Judges.**

**CHAD A. READLER, Circuit Judge.** John Mobasseri pleaded guilty to one count of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Mobasseri to a 136-month prison term and ordered him to pay restitution to four victims totaling $30,000. We later vacated the restitution order because it was entered "without any explanation at all of the particular amounts it ordered." *United States v. Mobasseri*, 764 F. App'x 549, 550 (6th Cir. 2019). On remand, the district court, following a hearing, issued an opinion ordering restitution totaling $20,500. We now affirm.

*Background.* Our initial opinion recounts much of the relevant history underlying today's appeal, and we recount just some that history here. *See generally Mobasseri*, 764 F. App'x at 549–50. As part of his guilty plea, Mobasseri admitted to using his computer to search for and download images and videos depicting minors engaged in sexually explicit conduct. He also utilized peer-

to-peer software that enabled third parties to download the material he possessed. Utilizing this software, the government downloaded from Mobasseri's computer roughly 1,600 files, many of which contained child pornography. During a subsequent search of Mobasseri's home, the government seized 24,104 images and 924 videos of child pornography saved on Mobasseri's laptop and external drives.

Prior to Mobasseri's sentencing, four victims—Vicky, Chelsea, Pia, and Cindy—sought restitution totaling $33,000. In addition to sentencing Mobasseri to 136-months imprisonment, the district court also imposed a total restitution amount of $30,000. We later vacated the restitution award. On remand, the district court conducted a restitution hearing. Applying 18 U.S.C. § 2259 (mandatory restitution) as well as the factors articulated in *Paroline v. United States*, 572 U.S. 434, 460 (2014), the court lowered the total restitution amount to $20,500, payable to the victims as follows:

- Vicky, $5,000: Base amount $3,000; number of images $1,000; attorneys' fees $1,000.

- Chelsea, $7,000: Base amount $3,000; number of images $1,000; attorneys' fees $3,000.

- Pia, $4,500: Base amount $3,000; age of victim in images $1,000; attorneys' fees $500.

- Cindy, $4,000: Base amount $3,000; attorneys' fees $1,000.

*Legal standard.* As instructed by § 2259(a), the district court "shall order" restitution for any offense involving the sexual exploitation of children and child pornography. *See also Paroline*, 572 U.S. at 443 (explaining that § 2259(a) requires a district court to order restitution for all offenses under Chapter 110 of Title 18, which includes distribution and possession of child pornography under §§ 2252(a)(2) and 2252A(5)(B)). The restitution order should equal "an amount that comports with the defendant's relative role in the causal process that underlies the

victim's general losses." *Id.* at 458. Because the award is tied to the government's ability to prove the defendant's offense is the proximate cause of the victim's losses, a restitution award is limited to the harms reasonably foreseeable to result from the defendant's conduct. *United States v. Hargrove*, 714 F.3d 371, 375 (6th Cir. 2013) (explaining that where a victim's injury is the type the statute was designed to prohibit, it is more likely the injury was proximately caused by the defendant) (citing *United States v. Gamble*, 709 F.3d 541, 549 (6th Cir. 2013)).

*Paroline* sets forth factors relevant to that determination. Of those factors, critical here are whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and reasonable predictions of the number of future offenders likely to be convicted for crimes contributing to the victim's general losses. *Paroline*, 572 U.S. at 460. Those factors act as "rough guideposts" in determining § 2259 restitution amounts, with the district court free to exercise its independent judgment and discretion. *Id*.

With those standards in mind, we review a restitution award for an abuse of discretion. *United States v. Evers*, 669 F.3d 645, 654 (6th Cir. 2012). That is, we will reverse a restitution award only when we are left with a "definite and firm conviction that the [district] court committed a clear error of judgment." *United States v. Batti*, 631 F.3d 371, 379 (6th Cir. 2011) (quoting *United States v. Hunt*, 521 F.3d 636, 648 (6th Cir. 2008)). While the district court's discretion is ample, the district court cannot, as we previously explained, fail to provide any explanation whatsoever as to its restitution order. *Mobasseri*, 764 F. App'x at 550.

*Restitution award.* The district court did not err in ordering Mobasseri to pay restitution totaling $20,500. Recognizing the difficulty in this setting in tracing a particular amount of a victim's losses to a defendant's conduct, the district court set out a consistent framework,

applicable for each victim, to accomplish the restitution goals reflected in § 2259 and *Paroline*. The court first determined the "full amount" of each "victim's losses" proximately caused by the offense, as required by § 2259(b)(1), which can include any costs incurred or reasonably projected to be incurred in the future. 18 U.S.C. § 2259(c)(2); *see also Hargrove*, 714 F.3d at 375 (explaining "the harm endured by the subject of child pornography upon realizing that others are viewing her image is part of what the child pornography prohibitions are designed to deter," making "attendant costs, to the extent factually caused by the viewing," as ones "proximately caused" by the defendant's conduct) (internal quotations and citations omitted).

Second, the district court established a baseline restitution amount for each victim. *See United States v. Reynolds*, 626 F. App'x 610, 620 (6th Cir. 2015) (affirming the district court's per-victim baseline amount). In arriving at that baseline amount, the court cited statutory indicators demonstrating Congress's approval of a $3,000 per victim floor restitution amount. *See, e.g.*, 18 U.S.C. § 2259(b)(2)(B). The court thus set the baseline for each victim at $3,000.

Next, the district court analyzed the *Paroline* factors, emphasizing the one it found particularly relevant here: the number of images Mobasseri possessed of each victim. *Paroline*, 572 U.S. at 460. The court increased the restitution amount for each victim based on the number of images Mobasseri possessed following the graduated scale found in USSG § 2G2.2(b)(7).

Finally, the district court considered a host of additional factors also considered by other courts, including the frequency of views and shares of images, the means by which the images were acquired, Mobasseri's individual contribution to the market, and the nature of the victim's images. *See, e.g.*, *United States v. Lloyd*, No. 5:18CR336, 2020 WL 4038241, at *3 (N.D. Ohio July 17, 2020); *United States v. Monzel*, 930 F.3d 470, 481 (D.C. Cir. 2019); *United States v. Gamble*, No. 1:10-CR-137, 2015 WL 4162924, at *3 (E.D. Tenn. July 9, 2015); *Reynolds*, 626 F.

App'x at 620. Taking all of these considerations together, the court ordered Mobasseri to pay restitution totaling $20,500. The four victims each received the baseline amount and attorneys' fees; two received $1,000 increases based on the number of images Mobasseri possessed; and one received a $1,000 increase due to her age in the images.

Mobasseri contends that this framework failed to limit the respective awards to losses proximately caused by his conduct. We disagree. To be sure, harms that do not stem from the type of injury the statute is designed to prohibit or are too attenuated fail to satisfy proximate cause. *See, e.g.*, *Evers*, 669 F.3d at 660 (declining to award restitution for child care expenses because the loss of a sex offender as a babysitter is not the sort of harm contemplated by the statute). But here, the district court carefully applied the *Paroline* factors and explained how it calculated each victim's restitution amount, demonstrating why each victim's losses resulted from the type of injury child pornography laws are designed to prevent.

As this methodology was based on sufficient evidence and sound reasoning, we **AFFIRM**.