NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0136n.06

Case No. 16-3775

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 03, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| ABDUL GLOVER, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | **O P I N I O N** |

BEFORE: MERRITT, COOK, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.** In April of 2016, Abdul Glover pled guilty to one count of felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court determined that Glover qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA) because he had three convictions for ACCA predicate offenses. The result was a mandatory minimum sentence of 180 months' imprisonment. Glover appeals, asserting that the district court erred by counting his 1996 conviction for "Assault on a Peace Officer" as an ACCA predicate offense. For the following reasons, we affirm Glover's sentence.

**I**

The relevant facts are straightforward. In 2016, Abdul Glover pled guilty to felonious possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His presentence investigation report identified offenses in Glover's criminal history as ACCA predicate offenses. With three

predicates, the report classified Glover as an "armed career criminal" subject to an increased minimum sentence. *See* 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4. Over Glover's objection, the district court adopted the classification and imposed the minimum—fifteen years' imprisonment.

This appeal challenges that sentence. Glover does not contest that two of his prior convictions, Delivery of Cocaine and Conspiracy to Possess Cocaine, qualify as predicate offenses under the ACCA. *See* R. 87, PSR, PID 85, 86. Instead, the only issue on appeal is whether the district court erred by determining that Glover's 1996 conviction for "Assault on a Peace Officer" in violation of § 2903.13 of the Ohio Revised Code qualifies as a "violent felony" under the ACCA. 18 U.S.C. § 924(e)(1). We review that determination de novo. *United States v. Evans*, 699 F.3d 858, 862 (6th Cir. 2012).

## II

The ACCA mandates a minimum sentence of fifteen years' imprisonment for an offender with three previous convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. §924(e)(1). "[V]iolent felony" means any crime punishable by more than one year imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or is one of four enumerated offenses. 18 U.S.C. § 924(e)(2)(B)(i)-(ii); *see also Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015) (finding the ACCA's residual clause to be unconstitutionally vague). Because it is not an enumerated offense, "Assault on a Peace Officer" qualifies as a violent felony only if it includes "as an element" the use of "physical force." *See* 18 U.S.C. § 924(e)(2)(B)(i)-(ii); U.S.S.G. § 4B1.4.[1] "Physical force" here means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in

---

[1]The meaning of "violent felony" as used in § 4B1.4 of the Sentencing Guidelines is derived from 18 U.S.C. § 924(e)(2). *See* U.S.S.G. § 4B1.4, n.1.

original). In order to determine whether an offense requires such "physical force," we look to the underlying state law defining the offense. *See, e.g.*, *United States v. Priddy*, 808 F.3d 676, 685–86 (6th Cir. 2015); *Evans*, 699 F.3d 858, 862 (6th Cir. 2012).

Under Ohio law, assault on a peace officer is a related offense to the state's general "assault" offense, which makes it unlawful for a person to "knowingly cause or attempt to cause physical harm" to another. Ohio Rev. Code § 2901.01(A)(1). An assault constitutes a fourth-degree felony if, as with Glover's conviction, the victim is a peace officer. *Id.* at § 2903.13; (R. 18, PSR, PID 83–84). Ohio law defines "physical harm" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Ohio Rev. Code § 2901.01(A)(3). Glover asserts that this broad language prohibits conduct that does not qualify as "*violent* force," and so his conviction cannot be classified as a violent felony under the ACCA. *See Johnson*, 559 U.S. at 140.

But this is not the first time this court has considered Ohio's assault on a peace officer statute as it relates to the meaning of "physical harm." *See Evans*, 699 F.3d 858. There, two years after *Johnson* defined physical force under the ACCA, the court made clear that a conviction under Ohio's assault on a peace officer offense requires "physical force" as the phrase is used in U.S.S.G. § 4B1.2:

> One can knowingly cause or attempt to cause physical harm—i.e., physical injury—to another only by knowingly using or attempting to use physical force—i.e., force capable of causing physical injury. Conviction under the Ohio statute, § 2903.13(A), therefore, necessarily requires proof that a defendant knowingly used, or attempted to use, physical force capable of causing physical pain or injury and, accordingly, qualifies as a crime of violence under [U.S.S.G.] § 4B1.2(a)(1).

*Evans*, 699 F.3d at 863.

Ordinarily, our analysis would stop there. Whether a conviction is a "crime of violence" in § 4B1.2(a) of the Sentencing Guidelines is subject to the same analysis as whether a conviction is a "violent felony" under the ACCA. *United States v. McMurray*, 653 F.3d 367, n.1 (6th Cir. 2011). Accordingly, because *Evans* concluded that a conviction under Ohio Rev. Code § 2903.13 constitutes a crime of violence under U.S.S.G. § 4B1.2(a), such a conviction necessarily qualifies as a violent felony under the ACCA. And we are bound to follow a prior published decision, like *Evans*, absent either en banc reconsideration or an inconsistent decision by the U.S. Supreme Court. *See United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014).

But Glover asserts we are not bound by *Evans* because the decision "rests on flawed reasoning and is no longer good law" in light of the Supreme Court's decision in *United States v. Castleman*, 134 S.Ct. 1405 (2014). (Appellant's Br. at 8.) He argues that *Castleman*, which interpreted "physical force" as used to define "misdemeanor crime of violence," 18 U.S.C. § 921(a)(33)(A), invalidates *Evans* by further limiting what constitutes "physical force" in the violent felony context, 18 U.S.C. § 924(e)(2)(B).

His argument is meritless. In *Castleman*, the Court did not in any way reconsider the meaning of "physical force" as used in 18 U.S.C. § 924(e)(2)(B). Instead, the Court held that, *despite* what the phrase may mean in the violent-felony section of the Code, it has a different meaning and covers more conduct in § 921(a)(33)(A)'s domestic violence context. *See Castleman* 134 S.Ct. at 1412, n.4. Indeed, the Court made clear that it was not casting doubt on Courts of Appeals decisions that had interpreted § 924(e)(2)(B) more narrowly than it was interpreting § 921(a)(33)(A). *See id.* In essence, Glover relies on *Castleman* in an attempt to re-litigate what this court already decided in *Evans*. But there is nothing in *Castleman* that abrogates or invalidates *Evans* or its reasoning.

Thus, we repeat what this circuit has already decided: a conviction under "Ohio Rev. Code § 2903.13(A) requires a showing that the defendant knowingly caused or attempted to cause a physical injury [which] necessarily has as an element the knowing use or attempted use of physical force against another and thus categorically qualifies as a crime of violence under § 4B1.2(a)(1)." *Evans*, 699 F.3d at 864.

### III

Because *Castleman* did not alter our holding in *Evans*, we need not consider Glover's arguments that it was wrongly decided. Those arguments rely on state court interpretations of Ohio's law that existed at the time *Evans* was decided, *e.g.*, *State v. Weiss*, 2010 WL 3722275, at *2 (Ohio Ct. App. 2010), and fail to consider more recent opinions confirming that the assault on a peace officer offense requires more than offensive touching, *e.g.*, *State v. Sepulveda*, 2016 WL 5873905 (Ohio Ct. App. 2016) (spitting on a police officer did not violate Ohio Rev. Code § 2903.13). Further, Glover's insistence that *In re: Williams*, No. 16-3411 (6th Cir. Oct 27, 2016) calls for us to reassess *Evans* is unavailing. The *Williams* court agreed with *Evans* that a conviction for "assault on a peace officer fall[s] squarely under the elements clause" and nothing else in the opinion casts doubt on *Evans*.

Likewise, Glover's reliance on *Descamps v. United States*, 133 S. Ct. 2276 (2013) is misplaced. That decision helped clarify the proper analysis when determining whether an offense qualifies as one of ACCA's so-called "enumerated" predicate offenses. *Id.* at 2283. But, as *Evans* shows, Glover's conviction for assault on a peace officer qualifies as an ACCA predicate because it has as an element, "the use of physical force against another person." 18 U.S.C. § 924(e)(2)(B); *Evans*, 699 F.3d at 863. *Descamps* does nothing to change that analysis; Glover's argument to the contrary fails.

**IV**

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.