NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0026n.06

No. 17-3354

## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

FILED
Jan 12, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| MALCOLM ROBERSON, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MERRITT, GRIFFIN, and DONALD, Circuit Judges.

PER CURIAM. Malcolm Roberson appeals his 41-month sentence for firearm offenses. As set forth below, we affirm.

After a four-day trial, a jury convicted Roberson of making a false statement during the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6), and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Roberson's presentence report set forth a base offense level of 20 based on his prior felony conviction for a crime of violence—his 2011 Ohio conviction for fourth-degree felony assault of a peace officer, in violation of Ohio Revised Code § 2903.13(A). *See* USSG § 2K2.1(a)(4)(A). Roberson's total offense level of 20 and criminal history category of III resulted in a guidelines range of 41 to 51 months of imprisonment. With no objections to the guidelines calculation, the district court applied that range and sentenced Roberson to 41 months of imprisonment.

In this timely appeal, Roberson contends that his prior conviction for assault on a peace officer does not qualify as a crime of violence under the sentencing guidelines and therefore does not justify an increase in his base offense level under USSG § 2K2.1(a)(4)(A). Roberson concedes that plain-error review applies because he did not object to the base offense level at sentencing. To establish plain error, Roberson must "show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Prater*, 766 F.3d 501, 518 (6th Cir. 2014) (quoting *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc)). Roberson cannot show plain error given that his argument is foreclosed by this court's binding precedent.

USSG § 2K2.1(a)(4)(A) provides for a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." The sentencing guidelines define "crime of violence" in relevant part as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1); *see* USSG § 2K2.1, comment. (n.1). "[T]he phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

Roberson was convicted of assault under Ohio Revised Code § 2903.13(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another." An assault becomes a fourth-degree felony where, as here, the victim is a peace officer. Ohio Rev. Code § 2903.13(C)(3), (4). In *United States v. Evans*, 699 F.3d 858 (6th Cir. 2012), this

court held that a conviction under Ohio Revised Code § 2903.13(A) for assaulting a peace officer categorically qualifies as a crime of violence under the "physical force" clause:

> One can knowingly cause or attempt to cause physical harm—*i.e.*, physical injury—to another only by knowingly using or attempting to use physical force—*i.e.*, force capable of causing physical injury. Conviction under the Ohio statute, § 2903.13(A), therefore, necessarily requires proof that a defendant knowingly used, or attempted to use, physical force capable of causing physical pain or injury and, accordingly, qualifies as a crime of violence under § 4B1.2(a)(1).

*Id*. at 863; *see also United States v. Glover*, 681 F. App'x 432, 433-34 (6th Cir.), *cert. denied*, 138 S. Ct. 271 (2017).

Roberson argues that we should depart from our precedent on this issue. But "[a] panel of this court may not overturn binding precedent because a published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'" *United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)). In his reply brief, Roberson contends that *Evans* is no longer valid under *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). We will not consider arguments raised for the first time in a reply brief. *See United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). We also find Roberson's reliance upon *United States v. Yates*, 866 F.3d 723 (6th Cir. 2017) unpersuasive. It is not a Supreme Court or an en banc decision, and involved a different statute.

Accordingly, we **AFFIRM** Roberson's sentence.