RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0292p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DONALD EUGENE PRIDDY,

*Defendant-Appellant.*

No. 15-5136

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 1:13-cr-10054-1—J. Daniel Breen, Chief District Judge.

Decided and Filed: December 15, 2015

Before: KEITH, CLAY, and WHITE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** M. Dianne Smothers, FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. Kevin G. Ritz, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee.

CLAY, J., delivered the opinion of the court in which KEITH, J., joined, and WHITE, J., joined in part. WHITE J. (pp. 13–14), delivered a separate opinion concurring in all but section II.A.1. of the majority opinion.

_____

**OPINION**

_____

CLAY, Circuit Judge. Defendant Donald Priddy ("Defendant") appeals his sentence of 180 months of imprisonment imposed by the district court following his plea of guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The

1

district court imposed this sentence after it determined that Defendant had four predicate violent felonies for purposes of the Armed Career Criminal Act ("ACCA"), which requires a mandatory-minimum sentence of 180 months for a defendant convicted of violating § 922(g) who has three or more prior convictions for violent felonies. 18 U.S.C. § 924(e)(1). On appeal, Defendant argues his convictions cannot qualify as violent felonies and that the district court erred in sentencing him under the ACCA. For the reasons that follow, we **AFFIRM** the district court's judgment.

## I.

## BACKGROUND

On June 24, 2013, a federal grand jury in the Western District of Tennessee returned a two-count indictment against Defendant. The indictment charged Defendant with two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Count I charged Defendant with possession of a Rohm Model RG-12 .22 caliber revolver. Count II charged Defendant with possession of a Smith and Wesson .357 caliber revolver. On September 15, 2014, Defendant pled guilty to both charges.

United States Pretrial Services prepared a Presentence Investigation Report ("PSR") which recommended that the district court adjudge Defendant an armed career criminal for purposes of the ACCA based on his prior convictions for multiple violent felonies. The PSR identified the following prior Tennessee convictions as predicate violent felonies: (1) two 1991 convictions for aggravated burglary, (2) a 1994 conviction for robbery, (3) a 1999 conviction for aggravated burglary, and (4) two 2005 convictions for burglary.

Before sentencing, defense counsel explained to Defendant that he qualified for sentencing enhancement under the ACCA, but Defendant did not understand why his prior convictions qualified him as an armed career criminal. Defense counsel then conceded that Defendant was subject to the ACCA's sentencing enhancement and also asked if Defendant could address the court:

> I believe [Defendant] may wish to address Your Honor.  And I know you always give a defendant that opportunity.  But despite my truly best efforts in trying to explain to him the situation with Armed Career Criminal Act, and how that applies as is different from career offender or different from a guideline situation - it's confusing on a good day for anybody.  But I've explained to him -- and you can see from our filing, I have not raised objections to the guideline calculations.  But in -- specifically to the unfortunate situation *that I think he falls into the Armed Career Criminal category.*  The nature of his prior convictions are set out in the report.

> Even with current cases that may be pending and things that we're watching certainly very closely -- unfortunately, [Defendant] has several burglary priors.  He has an escape.  Just a mix, if you will.  But the ones, unfortunately, *that give rise to the application of [the ACCA enhancement]* are three aggravated burglaries and then two burglaries of a business or of some other thing that was not a residence, and a robbery.

(R. 55, Sentencing Hearing, PageID# 68 (emphasis added)).  The court permitted Defendant to speak.  Defendant then questioned why his two convictions for aggravated burglary in 1991, for which he was sentenced concurrently, counted as two separate convictions.  Defendant denied committing two separate burglaries and stated that he only pled guilty to two charges because he was promised a concurrent sentence if he did so.  The court told Defendant that even though he was sentenced concurrently, that did not change the fact that he was convicted of two separate offenses.  The court also told Defendant that he could not use the federal sentencing forum to gain review of his state convictions.

The court then explained to Defendant that regardless of those two convictions for aggravated burglary in 1991, he still had three or more felonies that would qualify as violent felonies under the ACCA.

The district court ruled that the ACCA enhancement applied to Defendant's sentence.  The court specifically found that Defendant's three aggravated burglary convictions and his robbery conviction were violent felonies for purposes of the ACCA.  The court did not address Defendant's 2005 burglary convictions because Defendant already had enough violent felonies to qualify for the ACCA enhancement.  The court sentenced Defendant to a statutory minimum term of 180 months in prison.

## II.

## DISCUSSION

### Standard of Review

As an initial matter, the parties dispute this Court's standard of review on appeal. Defendant asserts that this Court review *de novo* whether a prior conviction constitutes a violent felony under the ACCA. The government agrees that review is ordinarily *de novo* but argues that because Defendant failed to object to the district court's application of the ACCA, he waived any challenge to his ACCA-enhanced sentence. Therefore, the government argues that this Court should decline to address the merits of that claim. The government contends, alternatively, that if this Court reaches the merits of the case, it must review Defendant's claims only for plain error because Defendant failed to raise his appellate claims below. Thus, the first question becomes whether Defendant waived his claim challenging his ACCA-enhanced sentence, or alternatively, whether he forfeited it.

"Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A defendant's failure to object to a sentencing error, or even his acknowledgment that he has no objection, does not amount to a waiver of that error. *See United States v. Simmons*, 587 F.3d 348, 374 (6th Cir. 2009) (explaining that "[w]here the sentencing judge asks the parties [if they have any objections] but a party fails to raise any objections 'not previously raised,' the defendant forfeits all unpreserved claims and plain-error review applies on appeal") (citing *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008)).

In regards to forfeiture, a party must object "with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection." *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004) (quoting *United States v. LeBlanc*, 612 F.2d 1012, 1014 (6th Cir. 1980)). "A specific objection provides the district court with an opportunity to address the error in the first instance and allows this court to engage in more meaningful review." *Id.* Therefore, this Court requires district courts to ask what we call the *Bostic* question:

"[whether the parties] have any objections to the sentence . . . that have not previously been raised." *Id.* at 872. This so-called *Bostic* question is "especially pertinent with respect to objections that concern the adequacy of the court's explanation precisely because such objections cannot be made until after the court states its reasoning in the course of sentencing the defendant." *Simmons*, 587 F.3d at 354.

However, where the defendant has "explicitly agreed" that a particular guideline calculation or enhancement applies to his sentence, any challenge to that enhancement on appeal is waived. *See United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002) (holding that an objection to classification of two offenses as aggravated felonies was waived because in his sentencing memorandum the defendant "explicitly agreed that they qualified as such."). A defendant waives an argument that he does not qualify for a sentencing enhancement by "explicitly agree[ing]" that he does qualify. *Id.* Such explicit agreement occurs when the defendant expresses a "plain, positive concurrence" with applying the enhancement, *United States v. Mabee*, 765 F.3d 666, 671-73 (6th Cir. 2014), like when he "agree[s] in open court" that he qualifies for a designation that increases his sentence. *Aparco-Centeno*, 280 F.3d at 1088. After agreeing, the defendant cannot make the opposite argument on appeal; the argument is waived and this Court does not review it. *Id.*; *see also United States v. Hall*, 373 F. App'x. 588, 591 (6th Cir. 2010).

We have previously found a defendant to have waived a claim under similar facts. In *Aparco-Centeno*, the defendant challenged the district court's determination that his prior convictions constituted "aggravated felonies." *Aparco-Centeno*, 280 F.3d at 1087. At the sentencing hearing, defense counsel had no objection to the PSR and the two prior convictions listed in it. *Id.* at 1088. Defense counsel also wrote in his sentencing memorandum that "[b]ecause [the defendant's] sentences for two of these offences were at least one year in duration, they are classified as aggravated felonies under 8 U.S.C. § 1101(a)(43)." *Id.*

We noted that not only did defense counsel fail to object to the district court's consideration of the two prior convictions as aggravated felonies, he "explicitly agreed that they qualified as such. Only on appeal does [the defendant] argue that his conviction for receiving stolen property does not qualify as an aggravated felony under 8 U.S.C. § 1326." *Id.* Thus, the

defendant's argument was waived when his counsel stated in the sentencing memorandum that those prior convictions were aggravated felonies. As we wrote, "[a]n attorney cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course." *Id.* (citing *United States v. Sloman*, 909 F.2d 176, 182 (6th Cir. 1990)).

Similarly, here, defense counsel not only failed to raise any objections to Defendant being sentenced pursuant to the ACCA at sentencing, but also stated in her sentencing memorandum that "Defendant faces sentencing under the 'armed career criminal' act due to his prior convictions." And, defense counsel reiterated to the court two more times that Defendant qualified for sentencing enhancement under the ACCA. Based on the case law, that explicit agreement seems to be more than enough to constitute waiver.

Nevertheless, we will give Defendant the benefit of the doubt and conduct a plain error analysis. As we will discuss later in the opinion, defense counsel was unaware at the time of Defendant's sentencing that the Supreme Court would issue an opinion that would call into question whether the ACCA enhancement applied to Defendant's sentence. Therefore, we will review Defendant's claim for plain error. To obtain relief under that standard, Defendant must establish "(1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997). If he can show all three conditions, this Court will "exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 467 (alteration in original). "Meeting all four prongs is difficult, 'as it should be.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)).

**Analysis**

The government bears the burden to prove that Defendant has three prior convictions that constitute predicate violent felonies for purposes of the ACCA. *United States v. Goodman*, 519 F.3d 310, 316 (6th Cir. 2008). A defendant is classified as an "armed career criminal" under 18 U.S.C. § 924(e)(1) if he has been convicted under 18 U.S.C. § 922(g) of possessing a firearm after having three previous convictions for either violent felonies or serious drug offenses. The ACCA defines a "violent felony" as:

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). We have interpreted this section to create three different grounds for liability: the "use-of-force" clause in § 924(e)(2)(B)(i); the "enumerated-offenses" clause in § 924(e)(2)(B)(ii); and the "residual clause" immediately following the enumerated-offenses in § 924(e)(2)(B)(ii). *See United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014); *United States v. Prater*, 766 F.3d 501, 509 (6th Cir. 2014). A defendant sentenced as an armed career criminal is subject to a mandatory minimum sentence of fifteen years of imprisonment. 18 U.S.C. § 924(e)(1).

On June 26, 2015, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the ACCA—providing sentence enhancements for crimes that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another"—is unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. *Id.* at 2557. The government accordingly cannot enhance Defendant's sentence based on a prior conviction that constitutes a violent felony pursuant only to the residual clause. But a defendant can still receive an ACCA-enhanced sentence based on the statute's use-of-force clause or enumerated-offense clause: "Today's decision does not call into question application of the Act to the four enumerated[-]offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

### A. The Enumerated-Offense Clause

A prior conviction qualifies as an ACCA predicate offense if it "is burglary, arson, or extortion, involves use of explosives." § 924(e)(2)(B)(i). To determine if a past conviction is for one of those crimes, this Court utilizes a categorical approach in which we "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the

'generic' crime - i.e., the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).   The prior conviction "qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.*

If the prior conviction involves the violation of a "divisible" statute—i.e., one which consists of multiple, alternative versions of the crime—then this Court utilizes a "modified categorical approach" and "consult[s] a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.   In this second step, we may consult "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" to determine the precise subsection to which Defendant pleaded guilty.  *Shepard v. United States*, 544 U.S. 13, 26 (2005).

### 1.      Defendant's Three Aggravated Burglary Convictions

Tennessee law explains the elements of aggravated burglary in Tenn.Code Ann. § 39–14–403: "Aggravated burglary is burglary of a habitation as defined in §§ 39–14–401 and 39–14–402."   The Supreme Court of Tennessee elaborated on this definition in *State v. Langford*, 994 S.W.2d 126 (Tenn. 1999), stating that "[a]ggravated burglary occurs when an individual enters a habitation 'without the effective consent of the property owner' and . . . intends to commit a felony." *Id.* at 127 (quoting Tenn.Code Ann. §§ 39–14–402 to –403).

Relying on this state-law definition of the crime, this Court has held that Tennessee's aggravated burglary statute "represents a generic burglary capable of constituting a violent felony for ACCA purposes." *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).   Because the Tennessee aggravated burglary statute is a generic version of the crime of burglary, it constitutes a violent felony under the ACCA's enumerated-offense clause, 18 U.S.C. § 924(e)(2)(B)(ii) (listing burglary as a violent felony).  *Taylor v. United States*, 495 U.S. 575, 599 (1990) ("We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.").

The holdings from *Taylor* and *Nance* are controlling and establish that a Tennessee conviction for aggravated burglary is categorically a violent felony under the ACCA's enumerated-offense clause.

### 2.      Defendant's Two Burglary Convictions

The Tennessee burglary statute under which Defendant was convicted provides that a person commits burglary when, "without, the effective consent of the property owner," he

(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony or theft;

(2) Remains concealed, with the intent to commit a felony or theft, in a building;

(3) Enters a building and commits or attempts to commit a felony or theft; or

(4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony or theft.

Tenn. Code Ann. § 39–14–402(a) (1990). Because the statute "list[s] potential offense elements in the alternative," it is divisible under *Descamps*. *See also United States v. Moore*, 578 F. App'x. 550, 553 (6th Cir. 2014) (finding that Tenn. Code Ann. § 39–14–402 is divisible under *Descamps*); *Mitchell*, 743 F.3d at 1065 ("The ordinary use of the conjunction 'or' is almost always disjunctive, that is, the words it connects are to be given separate meanings" (citations and internal quotation marks omitted)).

We find that the first three variants of Tennessee burglary, i.e., Tenn. Code Ann. § 39–14–402(a)(1), (a)(2), and (a)(3), qualify as generic burglary since they each involve "unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. We also find that Tennessee burglary under § 39–14–402(a)(1) involves the "entry-into" variant of generic burglary since it substantially corresponds to *Taylor's* definition of generic burglary. Likewise, burglary under § 39–14–402(a)(2) tracks *Taylor's* definition of the "remaining-in" variant of generic burglary. And, burglary under § 39–14–402(a)(3) is also a "remaining-in" variant of generic burglary because someone who enters a building or structure and, while inside, commits or attempts to commit a felony will necessarily have remained inside the building or structure to do so. *See, e.g., Taylor*, 495 U.S. at 602 ("[A]n offense constitutes 'burglary' for purposes of [the ACCA] if either its statutory

definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.").

On the other hand, the fourth variant of Tennessee burglary, i.e., Tenn. Code Ann. § 39–14–402(a)(4), does not qualify as generic burglary since the locations listed in that subsection of the statute are not buildings or structures. *See, e.g., Shepard*, 544 U.S. at 15-16 ("The [ACCA] makes burglary a violent felony only if committed in a building or enclosed space ("generic burglary"), not in a boat or motor vehicle."); *Moore*, 578 F. App'x. at 553 (finding that burglary under Tenn. Code Ann. § 39–14–402(a)(4) does not qualify as generic burglary).

The Tennessee burglary statute, however, provides an easier way to distinguish the variants of the offenses which are generic burglary–§ 39–14–402(a)(1), (a)(2), and (a)(3)–from the variant which is not–§ 39–14–402(a)(4). The statute labels violations of its first three subsections as "Class D felonies," Tenn. Code Ann. § 39–14–402(c), but labels a violation of the fourth subsection as only a "Class E felony," Tenn. Code Ann. § 39–14–402(d). *See also Moore*, 578 F. App'x. at 554 (noting the class of felony distinctions in the Tennessee burglary statute). Therefore, if the conviction records for a Tennessee burglary offense indicate that the defendant was convicted of a Class D felony, then that offense was necessarily a violation of Tenn. Code Ann. § 402(a)(1), (a)(2), or (a)(3) and, as a result, was a generic burglary under *Taylor*. *See id.* ("Because [the *Shepard* documents] indicate that Moore pleaded guilty to a Class D version of burglary . . . we can safely conclude that Moore must have been charged with violating subsection (a)(1), (a)(2), or (a)(3)."). *Id.*

Here, both Defendant and the government agree that Defendant pleaded guilty to a Class D felony. Given this fact, we can safely conclude that Defendant must have been charged with violating subsection (a)(1), (a)(2), or (a)(3). However, Defendant argues that it is impossible to determine which precise subsection he violated. Ultimately, though, we conclude that it makes little difference. The important takeaway is that Defendant could not have pleaded guilty to violating subsection (a)(4) because a violation of that subsection is a Class E felony. Therefore, because each of those subsections qualifies as generic burglary under *Taylor*, Defendant's offenses were necessarily generic burglaries and, thus, violent felonies under the ACCA.

**B.      The Use-of-Force Clause**

When determining whether a particular offense qualifies as a "violent felony" under the use-of-force clause, we are limited to determining whether that offense "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).  The force involved must be "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

**1.      Defendant's Robbery Conviction**

Under Tennessee law, robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39–13–401(a).  In *Mitchell*, this Court held that a Tennessee conviction for robbery qualifies as a violent felony under the ACCA's use-of-force clause.  743 F.3d at 1059.  We first concluded that the statute satisfied the use-of-force clause.  We explained that "violence," as determined by the Tennessee Supreme Court, means "physical force unlawfully exercised so as to injure, damage or abuse." *Mitchell*, 743 F.3d at 1059 (quoting *State v. Fitz*, 19 S.W.3d 213, 214 (Tenn. 2000) (citations and internal quotation marks omitted)).  Therefore, the statute's element of violence "satisfie[d] § 924(e)(2)(B)(i)'s requirement of the 'use, attempted use, or threatened use of physical force.'" *Id.*  We also determined that the element of "fear" satisfied § 924(e)(2)(B)(i).  We recognized that the Tennessee Supreme Court has held that the "fear constituting an element of robbery is a fear of bodily injury and of present personal peril from violence offered or impending." *Id.* (quoting *State v. Taylor*, 771 S.W.2d 387, 398 (Tenn. 1989) (citations and internal quotation marks omitted)).  In applying the definition of violence as determined by the Tennessee Supreme Court in *Fitz*, we explained that "the commission of a robbery through fear, which in Tennessee reduces to the fear of bodily injury from physical force offered or impending, directly corresponds to § 924(e)(2)(B)(i)'s 'use . . . or threatened use of force.'" *Id.*  Therefore, "robbery in violation of . . . Tenn. Code Ann. § 39–13–401 is categorically a 'violent felony' under § 924(e)(2)(B)(i) of the ACCA." *Id.* at 1060.  Finally, we determined that under the categorical approach, robbery as defined by the Tennessee statute qualified as a violent felony under the residual clause as well.  *Id.* at 1060-63 (holding that a conviction under Tenn.

Code Ann. § 39–13–401 "categorically qualif[ies] as [a] 'violent felon[y]' under the residual clause of the ACCA").

More recently, this Court held in *United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) that the Supreme Court's recent decision in *Johnson* "did not affect the 'use of physical force clause'" and affirmed a defendant's ACCA-enhanced sentence because his prior Tennessee robbery conviction qualified as a violent felony under the use-of-force clause. *See also United States v. Bailey*, No. 14-6524, 2015 WL 4257103, at *4 (6th Cir. July 15, 2015) (holding that, even after *Johnson*, the defendant's Tennessee conviction for robbery is categorically a violent felony under the ACCA's use-of-force clause).

Defendant argues that *Mitchell's* decision turned upon the ACCA's residual clause definition of violent felony and therefore its precedential value is now less clear. However, it is clear that the Supreme Court's holding in *Johnson* does not disrupt the holding in *Mitchell*. The *Mitchell* court found that under the categorical approach, a Tennessee robbery conviction is a violent felony under *both* the use-of-force clause and the residual clause. The conviction need only qualify as a violent felony under one of the clauses. Therefore, even in light of the Supreme Court's invalidation of the residual clause, this Court's determination remains unchanged that under the categorical approach, robbery in Tennessee is a predicate offense under the use-of-force clause.

## CONCLUSION

The district court correctly found that four of Defendant's prior convictions constitute violent felonies under the ACCA's enumerated-offense and use-of-force clauses. Because that is all that the ACCA requires before triggering a mandatory-minimum sentence of 180 months, we **AFFIRM** the judgment of the district court.

---

**CONCURRING IN PART**

---

HELENE N. WHITE, Circuit Judge, concurring in part. I concur in the majority opinion except with respect to section II.A.1. concerning aggravated burglary. Because Priddy's robbery and burglary convictions are categorically violent felonies for the reasons discussed by the majority, we need not address Priddy's aggravated burglary convictions. More specifically, we need not rely on *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007), to resolve this issue, and should refrain from doing so, because *Nance* offered no discussion of the Tennessee statute's definition of "habitation," which likely renders Tennessee's aggravated burglary statute non-generic.

Although *Nance* held that a conviction of aggravated burglary under Tennessee's statute is categorically a violent felony for purposes of the Armed Career Criminal Act (ACCA), it treated the statute as indivisible and did not discuss the alternative definitions of "habitation" found in § 39–14–401, which include structures other than buildings, such as tents and some vehicles. Later cases in this Circuit have held that Tennessee's aggravated burglary statute is divisible, in part because the definition of "habitation" provides alternative sub-elements within the "habitation" element. *See United States v. Ozier*, 796 F.3d 597, 600–03 (6th Cir. 2015); *United States v. Lara*, 590 F. App'x 574, 585 (6th Cir. 2014). Tennessee's expansive definition of "habitation"—not discussed in *Nance*—likely renders its aggravated burglary statute broader than *Taylor*'s definition of generic burglary. *Compare* Tenn. Code. Ann. § 39–14–401 (defining habitation to include, *inter alia*, "any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons," and "a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant"), *with Taylor v. United States*, 495 U.S. 575, 599 (1990) (observing that statutes may be broader than generic burglary "by including places, such as automobiles and vending machines, other than buildings"); *United States v. Cooper*, 302 F.3d 592, 594–95 (6th Cir. 2002) (noting that burglary

statute may be broader than generic definition "by, for instance . . . permitting conviction for the entry of an automobile, a booth, a boat, or a tent").

Because *Nance*'s unqualified holding that aggravated burglary under the Tennessee statute is a violent felony under the ACCA is likely too broad under *Taylor* and *Descamps v. United States*, 133 S. Ct. 2276, 2283–86 (2013), and Priddy's robbery conviction and two burglary convictions under § 39–14–402(a)(1)-(3) are clearly violent felonies, I would find it unnecessary to address whether his aggravated burglary convictions also qualify as violent felonies under the ACCA.