**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0306n.06

**No. 15-6427**

**FILED**
Jun 01, 2017
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

CLEVIS LOTONIA LOFTIES,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF
TENNESSEE

BEFORE:     MERRITT, BATCHELDER and CLAY, Circuit Judges.

**CLAY, Circuit Judge**. Petitioner Clevis Lofties was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Based on his prior Tennessee convictions for burglary, Lofties was sentenced to 180 months' imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Lofties now appeals, arguing that the district court incorrectly calculated his sentence following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons set forth below, we **AFFIRM** the district court's decision.

**BACKGROUND**

**I.**    **Background**

Law enforcement officers arrested Clevis Lofties with a gun after a neighbor reported that Lofties threatened him with a weapon. A jury subsequently convicted Lofties of being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g), an offense that normally carries a statutory maximum punishment of 120 months. Based on his prior Tennessee convictions—one robbery conviction and four Class D felony burglary convictions—Lofties was sentenced as an armed career criminal under 18 U.S.C. § 924(e) of the Armed Career Criminal Act ("ACCA") to 180 months' imprisonment. Lofties appealed his conviction and sentence; however, both were affirmed by this Court on March 23, 2006.

On November 16, 2012, Lofties filed a *pro se* motion to vacate his conviction under 28 U.S.C. § 2255. He argued that: (1) his burglary convictions should only be counted as one predicate offense because they were committed as one event; and (2) that his burglary convictions should not have been counted because they did not constitute "violent felonies." Following the Supreme Court's decision in *Johnson*, Lofties moved to supplement his petition on July 28, 2015, contending that his armed career criminal classification was no longer valid. The district court denied Lofties' § 2255 petition. The court concluded that Lofties' initial § 2255 petition, filed on November 16, 2012, was untimely and reasoned that his supplement must be as well. Alternatively, the court rejected Lofties' claims on the merits. The district court refused to issue a certificate of appealability. After appealing to this Court, Lofties' request for a certificate of appealability was granted with respect to his *Johnson*-based claim. This appeal now follows.

## DISCUSSION

### I. Standard of Review

This Court reviews a district court's denial of a motion to vacate under 28 U.S.C. § 2255 *de novo*, and reviews the district court's factual findings for clear error. *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012). Whether a defendant's predicate offenses qualify as

"violent felonies" under the ACCA is a legal conclusion that this Court also reviews *de novo*. *United States v. Prater*, 766 F.3d 501, 507 (6th Cir. 2014).[1]

## II. Analysis

### 1. Timeliness

As a threshold matter, this Court must determine whether or not Lofties' § 2255 petition was timely. A one-year period of limitation applies to § 2255 claims. 28 U.S.C. § 2255(f). That period runs from the latest of:

(1) The date on which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). While the district court properly determined that Lofties' *Johnson* challenge was untimely under § 2255(f)(1), it erred when it failed to recognize that under § 2255(f)(3), the claim was properly brought.

The Supreme Court in *Johnson* concluded that the residual clause of the ACCA was unconstitutional. *See Johnson*, 135 S. Ct. at 2563 (expressly overruling prior Supreme Court decisions which rejected vagueness challenges to the ACCA's residual clause). In *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), the Court held that the right expressed by *Johnson* applied retroactively on collateral review. Lofties asserted that right in his § 2255 supplement.

---

[1] The government disputes the standard of review and claims that because Lofties failed to preserve his objection before the district court, plain error is the appropriate standard on appeal. However, the standard of review has no bearing on the outcome of this case and so we decline to address this question.

The district court treated Lofties' petition to supplement his § 2255 request as a motion to amend and reasoned that because his initial § 2255 motion was untimely, his *Johnson* claim must be as well. However, this Court has previously held that courts should follow a claim-by-claim approach when deciding whether the limitations period on habeas claims has been met. *See Alley v. Bell*, 392 F.3d 822, 829–30 (6th Cir. 2004). Therefore, separate claims in a § 2255 petition are subject to their own respective statute of limitations periods. The government concedes that because Lofties' *Johnson* claim was filed less than one year from the point at which the Supreme Court recognized a new retroactively applicable right, the claim is independently timely irrespective of when the original § 2255 petition was brought.

2. **Application of the ACCA**

The ACCA requires a 15-year minimum sentence for a defendant convicted of possessing a firearm after three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The prong of the statute beginning with "otherwise" is also known as the residual clause.

In *Johnson*, 135 S. Ct. 2551, the Supreme Court declared that the ACCA's residual clause was "unconstitutionally vague." However, the Court emphasized that its decision did not undermine the application of the act to any of the listed enumerated offenses or the remainder of the ACCA's definition of a violent felony. *Id* at 2563. Accordingly, for Lofties to succeed on his

§ 2255 petition, he must demonstrate that his ACCA-enhanced sentence is invalid because it only qualifies as a "violent felony" under the ACCA's residual clause.

Lofties contends that the district court erred by concluding that his burglary convictions were violent felonies under the ACCA's enumerated offense clause. Specifically, Lofties believes that following *Johnson*'s holding invalidating the residual clause, at least one section of Tennessee's burglary statute, Tenn. Code Ann. § 39-14-402(a)(3), no longer constitutes a violent felony under the ACCA because it lacks the necessary intent element required under the Supreme Court's generic definition of burglary. In evaluating whether a conviction under a criminal statute qualifies as a predicate offense under the enumerated offense clause of the ACCA, a court must apply the "categorical approach." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). Under this approach, a court compares the elements of the statute the defendant was convicted under with the "generic elements" of the offense. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). If the burglary statute that the defendant is convicted under is broader than that of generic burglary, then it cannot qualify as a "violent felony."

The ACCA's enumerated offense of "burglary" is defined as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). The Tennessee burglary statute under which Lofties was convicted provides that a person commits burglary when, "without, the effective consent of the property owner," he:

> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony or theft;

> (2) Remains concealed, with the intent to commit a felony or theft, in a building;

> (3) Enters a building and commits or attempts to commit a felony or theft; or

5

(4) Enters any freight or passenger car, automobile, truck, trailer, or other motor vehicle with intent to commit a felony or theft.

Tenn. Code Ann. § 39-14-402(a). A violation of any of the first three subsections of the statute is a Class D felony, *see* Tenn. Code Ann. § 39-14-402(c), and a violation of the fourth subsection is a Class E felony. *See* Tenn. Code Ann. § 39-14-402(d). Tennessee's burglary statute is "divisible" because it "lists multiple, alternative elements." *Descamps*, 133 S. Ct. at 2285. There is no dispute that Lofties' predicate offenses were Class D burglary convictions.

In *United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015), this Court held that *all* Class D burglary convictions under Tennessee law qualify as "violent felonies" under the enumerated offense clause of the ACCA. Lofties does not dispute that *Priddy* controls the outcome of this case; rather he asks us to revisit our conclusion and overrule our previous holding. This Court is bound by our decision in *Priddy*, "because a published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision.'" *United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)). In order to prevail, Lofties must direct this Court to either an *en banc* decision overruling *Priddy* or a Supreme Court decision that undermines its validity. He fails to do so in the instant case.

In support of his argument, Lofties points to a Fifth Circuit decision that contradicts the holding in *Priddy*. *See United States v. Herrera-Montes*, 490 F.3d 390, 392 (5th Cir. 2007). Additionally, Lofties notes that this Court has recently granted *en banc* review in a case which addresses whether or not Tennessee's aggravated burglary statute, Tenn. Code Ann. § 39-14-403, qualifies as a predicate offense under the ACCA. *See United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016). However, neither the Fifth Circuit opinion nor this Court's decision to grant *en*

*banc* review, nullifies the controlling force of *Priddy*.[2] Unless and until the Sixth Circuit, sitting *en banc*, vacates *Priddy*'s holding that Tennessee Class D burglary categorically qualifies as a violent felony under the ACCA's enumerated offense clause, it remains binding upon this Court. Likewise, Sixth Circuit precedent supersedes any persuasive force that a Fifth Circuit decision may have upon this Court. Therefore, this Court is obligated to follow *Priddy* and deny Lofties relief.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's decision to sentence Lofties as an armed career criminal.

---

[2] Regardless of *Stitt*'s outcome, no conflict will emerge with our holding in the instant case. In *Stitt*, the Court is reviewing Tennessee's aggravated burglary statute, defined as "burglary of a habitation." In so doing, the Court must analyze whether the term "habitation," as defined by Tennessee law, is broader than the definition of burglary expressed by the Supreme Court in *Taylor*. That issue is plainly not implicated here.