NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0035n.06

No. 17-5298

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jan 19, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,               )

    Plaintiff-Appellee,                )

                                   )   ON APPEAL FROM THE UNITED

v.                                      )   STATES DISTRICT COURT FOR

                                   )   THE EASTERN DISTRICT OF

DANETRIUS J. TOLLIVER,                  )   TENNESSEE

                                   )

    Defendant-Appellant.               )

BEFORE: MERRITT, GRIFFIN, and DONALD, Circuit Judges.

PER CURIAM. Danetrius J. Tolliver appeals his 180-month sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). As set forth below, we affirm.

Tolliver pleaded guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Tolliver's presentence report classified him as an armed career criminal under the ACCA based on his five prior Tennessee convictions for burglary of a business. Tolliver objected to his classification as an armed career criminal, asserting that his burglary convictions do not qualify as predicate offenses under the ACCA, and moved to continue his sentencing pending this court's en banc decision in *United States v. Stitt*, No. 14-6158. The district court overruled Tolliver's objection based on this court's decision in *United States v. Priddy*, 808 F.3d 676, 684-85 (6th Cir. 2015), holding that Class D burglary convictions in violation of Tennessee Code Annotated § 39-14-402(a)(1)-(3) are predicate offenses under the ACCA. The district court sentenced Tolliver to the ACCA's minimum term of 180 months of imprisonment.

In this timely appeal, Tolliver challenges his sentence under the ACCA, arguing that his prior Tennessee convictions for burglary do not qualify as predicate offenses. We review de novo whether a prior conviction qualifies as a predicate offense under the ACCA. *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014).

The ACCA requires a 15-year minimum sentence for a defendant convicted under 18 U.S.C. § 922(g) who has "three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA enumerates burglary as a "violent felony." 18 U.S.C. § 924(e)(2)(B)(ii). For purposes of the ACCA, a defendant has been convicted of burglary if the defendant has been "convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). To determine whether a prior conviction constitutes burglary under the ACCA, courts apply the categorical approach, "focus[ing] solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).

As the district court correctly determined, our decision in *Priddy* controls whether Tolliver's five prior Tennessee Class D burglary convictions qualify as predicate offenses under the ACCA. Tennessee's burglary statute provides:

> (a) A person commits burglary who, without the effective consent of the property owner:
>
>> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
>>
>> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
>>
>> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or

> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

> . . . .

> (c) Burglary under subdivision (a)(1), (2) or (3) is a Class D felony.

> (d) Burglary under subdivision (a)(4) is a Class E felony.

Tenn. Code Ann. § 39-14-402. In *Priddy*, this court held that each of the three variants of Class D burglary fits within the generic definition of burglary and therefore qualifies as a violent felony under the ACCA. 808 F.3d at 684-85. The judgments in all five of Tolliver's burglary cases show that he was convicted of Class D burglary. Accordingly, the district court properly sentenced Tolliver as an armed career criminal based on his prior burglary convictions.

Citing our en banc decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), Tolliver argues that Tennessee's burglary statute is broader than generic burglary under the categorical approach and therefore does not qualify as a violent felony under the ACCA. The *Stitt* case involved Tennessee aggravated burglary—"burglary of a habitation," Tenn. Code Ann. § 39-14-403. This court concluded that "Tennessee's aggravated-burglary statute sweeps more broadly than generic burglary" because the statutory definition of "habitation" includes vehicles and movable enclosures. *Stitt*, 860 F.3d at 860-61. In contrast, Class D burglary under Tennessee law is limited to buildings. Tenn. Code Ann. § 39-14-402(a)(1)-(3). This court has recognized that "[n]othing in *Stitt* . . . undermined *Priddy*'s holding on burglary" and that "*Priddy*'s burglary analysis remains controlling." *United States v. Ferguson*, 868 F.3d 514, 516 (6th Cir. 2017). And this panel may not overrule *Priddy*. *See id.* at 515 ("One panel of this court may not overrule the decision of another panel; only the en banc court or the United States Supreme Court may overrule the prior panel.").

Based on the foregoing, we **AFFIRM** Tolliver's sentence under the ACCA.