NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0246n.06

Case No. 18-5054

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
May 04, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| MICHAEL TIGUE, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |

_____/

Before: GUY, THAPAR, and BUSH, Circuit Judges.

**RALPH B. GUY, JR., Circuit Judge.** Defendant Michael Tigue's sentence has been in limbo for years. He was sentenced as an armed career criminal in 2011, but later moved to vacate that sentence in the aftermath of some Supreme Court decisions. At the time, our court was considering a case that was similar to Tigue's. The en banc decision in that case favored Tigue, and he subsequently received a new, shorter sentence. But the Supreme Court reversed our en banc decision, undercutting the basis for Tigue's new sentence. We now vacate the judgment and remand for reinstatement of his original sentence.

**I.**

Tigue has a history of burglary in Tennessee. According to a presentence report, he committed various aggravated burglaries there in 2006 and 2009. When the county sheriff's office

questioned him about another burglary in 2010, he confessed to stealing two firearms and selling one of them. That made it a federal case and a grand jury indicted him for being a felon in possession of a firearm and ammunition. *See* 18 U.S.C. § 922(g)(1). He pleaded guilty.

The possession offense normally carries a ten-year maximum. 18 U.S.C. § 924(a)(2). But the Armed Career Criminal Act (ACCA) imposes a mandatory minimum of 15 years if the defendant has three prior convictions for violent felonies. 18 U.S.C. § 924(e)(1). "Burglary" is one of the felonies specifically listed in the Act. 18 U.S.C. § 924(e)(2)(B)(ii). At sentencing, Tigue's attorney argued that applying the ACCA to Tigue would be unconstitutional, but recognized that the law of this circuit was against him. The district court rejected Tigue's argument and sentenced him to nearly 18 years in prison. We affirmed.

At the time of the sentencing, Tigue qualified for an ACCA-enhanced sentence in two ways: the residual clause and the enumerated-offenses clause.[1] Subsequent Supreme Court cases, however, called the application of those clauses into doubt. Tigue originally filed a § 2255 motion because he believed that the Court's decision in *Descamps* meant that his burglary convictions no longer satisfied the enumerated-offenses clause. *See Descamps v. United States*, 570 U.S. 254 (2013). The government disagreed, but while the motion was still pending, the Supreme Court decided *Johnson v. United States*, and held that enhancing a sentence via the residual clause violates the Due Process Clause. 135 S. Ct. 2551, 2563 (2015); *see also Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding that *Johnson* applies retroactively). This prompted Tigue to supplement his motion to argue that the residual clause could no longer support his sentence either.

---

[1] The ACCA defines a conviction as a "violent felony" if, among other things, it "is burglary, arson, or extortion, involves use of explosives" or it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The former is the enumerated-offenses clause, while the latter is the residual clause.

The government conceded that *Johnson* took the residual clause out of play, but insisted that the enumerated-offenses clause still supported Tigue's sentence. Binding precedent at the time favored the government. *See United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007) ("Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes"); *see also United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015) (relying on *Nance* and holding, post-*Johnson*, that "a Tennessee conviction for aggravated burglary is categorically a violent felony under the ACCA's enumerated-offense clause"). But we had recently granted rehearing en banc to reconsider that precedent. *See United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016). So, at the request of both parties, the district court stayed Tigue's case while the en banc case played out.

Our en banc decision was favorable to Tigue: we overruled *Nance* and held "that a conviction for Tennessee aggravated burglary is not a violent felony for purposes of the ACCA." *United States v. Stitt*, 860 F.3d 854, 856 (6th Cir. 2017) (en banc). The district court had asked the parties to file a status report once *Stitt* was decided, and they did so. In the report, the government agreed that, "after *Stitt*, [Tigue]'s prior Tennessee aggravated burglary convictions no longer count as violent felonies under the ACCA." The status report gave no indication that the government planned to seek a writ of certiorari in *Stitt*, nor even that the government disagreed with our en banc decision. Rather, the parties agreed that the motion should be granted—they simply disagreed "about the appropriate type of relief."

So the district court gave the parties what they asked for. Consistent with the parties' agreement, the court observed that Tigue's burglary convictions could not be used as enumerated predicate offenses due to *Stitt,* and they could not be swept in under the residual clause due to

*Johnson*. It therefore granted the motion, vacated the judgment, and began the process of resentencing.

Three months later, the probation department prepared a revised presentence report and only then did the government raise an objection to giving Tigue relief. A footnote in the government's sentencing memorandum stated, "Post-*Stitt*, defendant is no longer an armed career criminal. However, the United States contends that *Stitt* was wrongly decided and thus preserves that issue for possible future review." But the memo gave no indication of why *Stitt* was wrongly decided and, by then, Tigue's motion had already been granted on the basis of *Stitt*—the only question was how to resentence him.[2]

The district court held a resentencing hearing soon thereafter. At the beginning of the hearing, the court gave the parties an opportunity to object to the presentence report, and the government asked to "preserve [its] post-*Stitt* objections to the aggravated burglaries as crimes of violence." Nothing more was said on the matter. The court ultimately gave Tigue a Guidelines sentence of time served, plus a term of supervised release.

The government appealed but asked us to hold the appeal in abeyance because the petition for certiorari in *Stitt* was pending. We did so, and a year later the Supreme Court reversed the en banc decision in *Stitt*. *United States v. Stitt*, 139 S. Ct. 399 (2018). Briefing then commenced in the instant appeal. The question now before us is whether Tigue's time-served sentence should stand and, if not, what should be done on remand.

---

[2] At the time the memorandum was filed, the government had already filed its petition for a writ of certiorari in *Stitt*, but the government did not mention it in the memorandum. *See* Petition for Writ of Certiorari, *United States v. Stitt*, 139 S. Ct. 399 (2018) (No. 17-765). Tigue's response, however, did mention it.

**II.**

At the outset, the parties disagree about our standard of review. The government urges us to review the district court's legal conclusions de novo. Tigue says, "at best, plain error review applies," but he goes one step further and asserts that we should not reach the government's arguments at all. According to Tigue, the government invited any error that occurred—plain or otherwise—and its footnote objection in the sentencing memorandum is the perfunctory sort we should ignore. The government rejoins that it preserved the arguments it now raises, but "even if the Court reviewed only for plain error," the plainness of an error is reviewed at the time of appellate review, and subsequent cases "prove that it was plainly erroneous to conclude that Tigue's prior Tennessee aggravated burglary convictions are not ACCA predicates." *Accord Henderson v. United States*, 568 U.S. 266, 269 (2013) (recognizing "as long as the error was plain [at] the time of appellate review[,] the error is 'plain'" for the purposes of Federal Rule of Criminal Procedure 52(b)).

Under the doctrine of invited error, we typically hold parties—including the government—to consequences that stem from their own requests. *See, e.g.*, *United States v. Sharpe*, 996 F.2d 125, 128 (6th Cir. 1993) ("Not even the plain error doctrine permits reversal on the ground that the trial court granted a defendant's request to charge.") (alteration adopted, citation omitted); *see also United States v. Jallad*, 468 F. App'x 600, 607–08 (6th Cir. 2012) (discussing the "invited error" doctrine in the context of sentencing); *United States v. Finley*, 8 F. App'x 557, 558 (6th Cir. 2001) (same). We have discretion to overlook invited error, but we do so only when the error would result in manifest injustice. *United States v. Demmler*, 655 F.3d 451, 458 (6th Cir. 2011).

Invited error is an odd fit here. To begin, we are not just reviewing the court's grant of the motion, but also the sentence imposed in consequence of the motion. And the sentence was always

a point of contention. The government wanted the court to vary upward while Tigue asked for a much lower Guidelines-range sentence. Prior to the hearing, the government's footnote about *Stitt* raised the issue, and during the hearing the government asked to preserve the *Stitt* objection. So at the very least, we may properly review Tigue's current sentence because even if the government invited the error of vacating Tigue's original sentence, it timely objected to giving him a non-ACCA sentence in its place.

Even so, Tigue suggests that if we decide to vacate the current judgment, we should still leave the order that vacated the original sentence in place because the government invited that error. But it was not error to grant the motion at the time. To the contrary, the district court was bound to grant the motion based on the then-applicable en banc decision in *Stitt*. That was so regardless of the government's position in the status report.[3] Consequently, this "error" is not the type precluded by an equitable doctrine meant to "prevent a party from inducing an erroneous ruling and later seeking to profit from the legal consequences of having the ruling set aside." *Demmler*, 655 F.3d at 458–59.

Ultimately, Tigue's primary concern seems to be losing the opportunity to raise certain arguments before the district court. But we fail to see the lost opportunity. Recall that Tigue originally attacked his sentence on the basis of the enumerated-offenses clause—the same clause he focuses on now. At that time, *Nance* was binding precedent, but Tigue nonetheless fulsomely argued why Tennessee aggravated burglary should not be considered an enumerated offense.

---

[3] We do note, however, that in many other cases the government asserted its disagreement with *Stitt* at the outset, explained why, and did not agree that granting the motion was appropriate. *See, e.g.*, Response to Petition, *United States v. Brumbach*, No. 3:16-cv-00776 (M.D. Tenn. Dec. 14, 2017), ECF No. 17; Response to Motion, *United States v. White*, No. 1:16-cv-01094 (W.D. Tenn. Aug. 14, 2017), ECF No. 15; Response to Motion, *United States v. Sesson*, No. 1:16-cv-01163 (W.D. Tenn. Aug. 1, 2017), ECF No. 9.; Answer, *United States v. Barnett*, No. 2:17-cv-02548 (W.D. Tenn. Aug. 17, 2017), ECF No. 8.; Answer, *United States v. Bearden*, No. 2:16-cv-02472 (W.D. Tenn. July 24, 2017), ECF No. 13; *but see* Joint Status Report, *United States v. Greer*, No. 2:13-cv-00073 (E.D. Tenn. July 24, 2017), ECF No. 83; Joint Status Report, *United States v. Bateman*, No. 3:11-cr-00042 (E.D. Tenn. July 27, 2017), ECF No. 31.

When Tigue later supplemented his motion post-*Johnson*, *Nance* was still binding precedent. *See Priddy*, 808 F.3d at 684. Although he asked the court to stay his case until *Stitt* was resolved, he still thoroughly explained why aggravated burglary should not count as an enumerated offense. All that Tigue missed was the opportunity to argue to the district court why his arguments still had force after the Supreme Court's decision in *Stitt*. As we will explain, there is no need to give him that opportunity.

**III.**

After the Supreme Court's decision in *Stitt*, we decided *Brumbach v. United States*, 929 F.3d 791 (6th Cir. 2019). That case followed a similar path as Tigue's: the defendant filed a § 2255 motion, received relief based on our en banc decision in *Stitt*, and waited in this court while the Supreme Court took up *Stitt*. *See id.* at 792–93. After the Supreme Court's decision, we held that *Nance* "is once again the law of this circuit," and "Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes." *Id.* at 794. This was so even though the defendant raised arguments not addressed in either *Stitt* or *Nance*. *Id.* at 794–95. We therefore vacated the district court's judgment and remanded the case so that the district court could reinstate the original sentence. *Id.* at 795. And days after Tigue filed his brief before us, the Supreme Court denied a writ of certiorari in *Brumbach*. 140 S. Ct. 974 (2020).

*Brumbach* requires Tigue's current sentence to be vacated. Under *Brumbach*, *Nance* controls, which means "Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes." *Brumbach*, 929 F.3d at 792–93 (quoting *Nance*, 481 F.3d at 888). That forecloses Tigue's current arguments about Tennessee aggravated burglary, as he concedes in his brief. Tigue does offer an additional argument that his burglaries were not actually committed on separate occasions, so they do not add up to three. But at the original

sentencing, the district court found that Tigue committed three aggravated burglaries, thus qualifying him for the ACCA enhancement. Tigue has never questioned that finding until now and nothing has disturbed the finding, so there is no reason for us to consider this argument. In sum, it was error, and indeed plain error, to sentence Tigue below the mandatory minimum of 15 years, so his sentence must be vacated.

*Brumbach* also compels us to direct the district court to enter the original sentence, rather than issue a general remand. In the brief period between the Supreme Court's decision in *Stitt* and our decision in *Brumbach*, there was reason to remand a case like Tigue's for further argument. *See, e.g., Farmer v. United States*, 773 F. App'x 302, 303 (6th Cir. 2019) ("Because the district court had no occasion to consider either argument the first time around, we vacate the district court's decision granting [the defendant's] § 2255 motion and remand for the district court to consider these arguments."). But *Brumbach* closed the book on Tennessee aggravated burglary by holding, in a published opinion, that *Nance* once again controls. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) (recognizing that one panel cannot, on its own, overrule another). We have therefore consistently remanded subsequent cases for reinstatement of the original sentence. *See, e.g.*, *United States v. Crutchfield*, 785 F. App'x 321, 322 (6th Cir. 2019); *United States v. Bawgus*, 782 F. App'x 408, 409–10 (6th Cir. 2019); *see also United States v. Hamilton*, 774 F. App'x 283, 283–86 (6th Cir. 2019) (Moore, J., concurring) (disagreeing that *Nance* should control but yielding to *Brumbach*).

\* \* \*

We therefore **VACATE** the judgment of the district court and **REMAND** with instructions to reinstate the original sentence.