NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0088n.06
Case No. 21-5485

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Mar 01, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| TIMOTHY GIFFORD, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: McKEAGUE, BUSH, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Timothy Gifford pleaded guilty to possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Section 922(g)(1) carries a ten-year maximum sentence of imprisonment. 18 U.S.C. § 924(a)(2). Gifford's criminal record, however, included a prior conviction for Tennessee burglary along with two prior convictions for serious drug felonies. Those offenses, the district court concluded, triggered a 15-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Gifford appeals, contending that his Tennessee burglary conviction is not a predicate "violent felony" under § 924(e)(1). We disagree and thus affirm his sentence.

## BACKGROUND

After arresting Timothy Gifford for driving without a valid driver's license, officers discovered a loaded handgun and more than 26 grams of crack and powder cocaine in his pants as well as 22 grams of marijuana and a marijuana grinder in his car. Gifford, it turns out, is a felon

many times over. His criminal history includes at least four felony drug convictions, a burglary conviction, and a conviction for being a felon in possession of a handgun. And due to those prior convictions, a federal grand jury indicted him for one count of violating 18 U.S.C. § 922(g)(1), which prohibits firearm possession by individuals who have prior convictions for "a crime punishable by imprisonment for a term exceeding one year." He pleaded guilty.

The central issue at sentencing was whether Gifford faced a ten-year statutory maximum sentence under 18 U.S.C. § 924(a)(2) or the enhanced penalties of § 924(e)(1). Commonly known as the Armed Career Criminal Act, the latter provision requires a 15-year mandatory minimum sentence when a person convicted under § 922(g) has "three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Gifford argued that his 1993 Tennessee burglary conviction was not a "violent felony" under the statute and that, as such, the Act's mandatory minimum did not apply. The district court concluded that Gifford's argument was foreclosed by our precedent and sentenced him to the mandatory minimum 15 years' imprisonment.

## ANALYSIS

We review de novo Gifford's challenge to the application of 18 U.S.C. § 924(e). *Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019). He asks us to reverse the district court's conclusion that his prior conviction for Class D burglary under Tennessee law, Tenn. Code Ann. § 39-14-402(a)(1) (1990), is a predicate "violent felony" under § 924(e). Circuit law, however, stands in Gifford's way.

Under § 924(e), a predicate "violent felony" includes "burglary," which the Supreme Court has interpreted to mean "generic burglary," i.e., an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495

U.S. 575, 598 (1990). To determine whether an offense is generic burglary, we use a categorical approach and decide whether the offense's elements "are the same as, or narrower than, those of the generic offense." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). If the offense is *categorically* a generic burglary—that is, not different from or broader than generic burglary—it is a § 924(e) predicate. *Id.* For today's purposes, that analytical work has already been done. We have previously held that a conviction under Tenn. Code Ann. § 39-14-402(a)(1) is categorically a predicate "violent felony" under § 924(e). *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017) (citing *United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015)). We must apply that precedent here. *Id.* (citing *Salmi v. Sec'y of Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)).

Gifford counters that our earlier decisions do not control for two reasons. He first argues that the categorical rule we applied in *Ferguson* and *Priddy* is not binding because it began as dicta in *United States v. Sawyers*, 409 F.3d 732, 738 (6th Cir. 2005), dicta that we later cited in *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007), which *Priddy* relied upon. The purported dicta he spotlights, however, concerns Tennessee's aggravated burglary statute, a different offense than Gifford's burglary conviction. *Priddy*, 808 F.3d at 684. And even assuming the rule from *Sawyers* entered our case law as dicta, it became a holding in *Priddy* and *Nance*. *Id.*; *Nance*, 481 F.3d at 888.

Gifford also argues that our precedent does not apply because his argument is novel. Here, Gifford appears to be right that we have not previously examined in detail whether, as he contends, § 39-14-402(a)(1) is broader than generic burglary because it lists the lack of "effective consent" as an element rather than generic burglary's element of "unlawful or unprivileged" entry.

3

We have, however, rejected a similar contention. *See United States v. Stitt*, 780 F. App'x 295, 300 (6th Cir. 2019).

More to the point, regardless of his argument's merits, we are bound by our prior published decisions holding that a conviction under Tenn. Code Ann. § 39-14-402(a)(1) is categorically a "violent felony" under § 924(e). *See Priddy*, 808 F.3d at 684. That broad rule subsumes the narrow question Gifford asks us to answer. *See Brumbach*, 929 F.3d at 795 (declining to address a defendant's novel argument that a state statutory offense was broader than the generic offense because we had already decided, by the categorical approach, that the state offense was a violent felony and § 924(e) predicate offense). And at this point, that rule may be modified only by our en banc Court or the Supreme Court. *See United States v. Brown*, 957 F.3d 679, 684 (6th Cir. 2020).

We affirm.